The STATE of Ohio, Appellee,

v.

MOORER, Appellant.

[Cite as *State v. Moorer*, 176 Ohio App.3d 398, 2008-Ohio-2560.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–060358.

Decided May 30, 2008.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Paula E. Adams, Assistant Prosecuting Attorney, for appellee.

J. Thomas Hodges, for appellant.

HENDON, Judge.

{¶ 1} This case is before us pursuant to our entry granting defendant-appellant Price Moorer's App.R. 26(B) application to reopen his direct appeal. For the following reasons, we affirm in part and reverse in part.

{¶ 2} Moorer was convicted of several crimes below. He currently challenges only his conviction for improperly discharging a firearm at or into a habitation, in violation of R.C. 2923.161(A)(1), with two accompanying firearm specifications. In his first assignment of error, Moorer contends that there was insufficient evidence to convict him of this crime. Moorer is correct. We note that the state concedes this issue.

{¶ 3} When reviewing the sufficiency of the evidence to support a criminal conviction, we must examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt.[1] "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."[2]

{¶ 4} R.C. 2923.161(A)(1) provides, "No person, without privilege to do so, shall knowingly do any of the following: (1) Discharge a firearm at or into an occupied structure that is a permanent or temporary habitation of any individual." At trial, the state presented evidence that Moorer had fired a gun while inside Ramona Hill's apartment. Viewing this evidence in a light most favorable to the prosecution, we cannot say that the state proved the essential elements of R.C. 2923.161(A)(1) beyond a reasonable doubt. The plain language of the statute

---

1. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.

2. Id.

indicates that the proscribed conduct of "discharging a firearm" must occur from outside the dwelling that is fired "at or into." [3]

{¶ 5} Reading R.C. 2923.161(A)(1) in context with the statute as a whole further supports this conclusion.[4] R.C. 2923.161 is entitled "Improperly discharging firearm at or into habitation; school-related offenses." Subsection (A)(1) prohibits firing "at or into" a habitation. In contrast, R.C. 2923.161(A)(2) prohibits discharging a firearm "at, *in,* or into a school safety zone." We agree with the Fifth Appellate District that "[h]ad the drafters of R.C. 2923.161 intended to prohibit discharging a firearm *in* a habitation, they could have, and presumably would have included the same language in subsection (A)(1) as in (A)(2)."[5]

{¶ 6} Since Moorer was convicted of discharging a firearm "at or into" a habitation based upon the state's evidence that he had fired a gun "in" a habitation, there was insufficient evidence to support his conviction for a violation of R.C. 2923.161(A)(1) and the accompanying firearm specifications. We sustain Moorer's first assignment of error.

{¶ 7} Moorer's second assignment of error, challenging the weight of the evidence, and his third assignment of error, challenging the trial court's sentence on the specifications to the R.C. 2923.161 charge are moot. We therefore decline to address them.[6]

{¶ 8} In sum, Moorer's conviction for violating R.C. 2923.161(A)(1) is reversed, and on this count and the accompanying specifications, he is discharged from further prosecution. His remaining convictions of record, which include two counts of having a weapon under a disability with one accompanying specification, are affirmed.

Judgment accordingly.

PAINTER, P.J., and CUNNINGHAM, J., concur.

---

3. See *State v. Lowe,* 112 Ohio St.3d 507, 2007-Ohio-606, 861 N.E.2d 512, ¶ 9 ("An unambiguous statute must be applied in a manner consistent with the plain meaning of the statutory language").

4. See *State ex rel Heffelfinger v. Brunner,* 116 Ohio St.3d 172, 2007-Ohio-5838, 876 N.E.2d 1231, at ¶ 35 (to discern legislative intent, "we first consider the statutory language, reading words and phrases in context and construing them in accordance with rules of grammar and common usage").

5. *State v. Nash,* 5th Dist. No. 2002CA00106, 2003-Ohio-230, 2003 WL 139783.

6. See App.R. 12(A)(1)(c).