THE STATE OF OHIO, APPELLEE, *v.* LOWE, APPELLANT.

[Cite as *State v. Lowe,* 112 Ohio St.3d 507, 2007-Ohio-606.]

(No. 2005–1843—Submitted October 4, 2006—Decided February 28, 2007.)

LANZINGER, J.

{¶ 1} In this case, accepted on a discretionary appeal, we consider R.C. 2907.03(A)(5), Ohio's incest statute, and hold that the statute is constitutional as applied to the consensual sexual conduct between a stepparent and adult stepchild.

### Case Procedure

{¶ 2} The Stark County Grand Jury indicted defendant-appellant, Paul Lowe, on one count of sexual battery, a felony violation of R.C. 2907.03(A)(5), as a result of his consensual sex with his 22–year–old stepdaughter, the biological daughter of his wife, on March 19, 2003. Lowe pleaded not guilty and filed a motion to dismiss, claiming that the facts alleged in the indictment did not constitute an offense under R.C. 2907.03(A)(5), because the use of the term "stepchild" in the statute signified a "clear legislative intent to have the law apply to children, not adults." In the alternative, Lowe argued that the statute was unconstitutional as applied to his case because the government has no legitimate interest in regulating sex between consenting adults.

{¶ 3} After the trial court overruled his motion, Lowe changed his plea to no contest, was convicted, and was sentenced to 120 days of incarceration and three

years of community control. The trial court also classified him as a sexually oriented offender. The Fifth District Court of Appeals upheld Lowe's conviction, holding that R.C. 2907.03(A)(5) clearly and unambiguously prohibits sexual conduct between a stepparent and stepchild regardless of the stepchild's age. The court of appeals also held that Lowe "does not have a constitutionally protected right to engage in sex with his stepdaughter."

{¶ 4} We accepted the case on a discretionary appeal. Lowe argues that in enacting R.C. 2907.03(A)(5), the General Assembly intended to protect *children* against adults in positions of authority who harmed them. He claims that the statute is unconstitutional when applied to consensual sexual conduct between adults related only by affinity. We will address these arguments in order.

## Ohio's Incest Statute

{¶ 5} R.C. 2907.03(A) states:

{¶ 6} "No person shall engage in sexual conduct with another, not the spouse of the offender, when any of the following apply:

{¶ 7} " * * *

{¶ 8} "(5) The offender is the other person's natural or adoptive parent, or a stepparent, or guardian, custodian, or person in loco parentis of the other person."

{¶ 9} The primary goal of statutory construction is to ascertain and give effect to the legislature's intent in enacting the statute. *Brooks v. Ohio State Univ.* (1996), 111 Ohio App.3d 342, 349, 676 N.E.2d 162. The court must first look to the plain language of the statute itself to determine the legislative intent. *State ex rel. Burrows v. Indus. Comm.* (1997), 78 Ohio St.3d 78, 81, 676 N.E.2d 519. We apply a statute as it is written when its meaning is unambiguous and definite. *Portage Cty. Bd. of Commrs. v. Akron,* 109 Ohio St.3d 106, 2006-Ohio-954, 846 N.E.2d 478, ¶ 52, citing *State ex rel. Savarese v. Buckeye Local School Dist. Bd. of Edn.* (1996), 74 Ohio St.3d 543, 545, 660 N.E.2d 463. An unambiguous statute must be applied in a manner consistent with the plain meaning of the statutory language. *State ex rel. Burrows,* 78 Ohio St.3d at 81, 676 N.E.2d 519.

{¶ 10} The statute does not limit its reach to children, as Lowe argues. R.C. 2907.03(A)(5) states that "[n]o person shall engage in sexual conduct *with another,* not the spouse of the offender when any of the following apply * * *." The statute goes on to list guardians and custodians as well as natural and adoptive parents and persons in loco parentis. Thus, the statute is not limited to protecting minors from those in a position of authority over them. In the 1973 Legislative Service Commission Comments to the statute, the commission explained:

{¶ 11} "This section forbids sexual conduct with a person other than the offender's spouse in a variety of situations where the offender takes unconscionable advantage of the victim.

{¶ 12} " * * * Incestuous conduct is also included, though defined in broader terms than formerly, so as to include not only sexual conduct by a parent with his child, but also sexual conduct by a stepparent with his stepchild, a guardian with his ward, or a custodian or person in loco parentis with his charge."

{¶ 13} In other words, although the statute does indeed protect minor children from adults with authority over them, it also protects the family unit more broadly.

{¶ 14} Courts examining R.C. 2907.03(A)(5) have found the statute clear and unambiguous in its criminalization of all sexual conduct falling within its purview, regardless of a victim's age or consent. The Court of Appeals for Jefferson County held that R.C. 2907.03(A)(5) applies to a parent who has consensual sex with his or her adult child. *State v. Freeman*, 155 Ohio App.3d 492, 2003-Ohio-6730, 801 N.E.2d 906. When analyzing an issue very similar to the one involved in this case, the Court of Appeals for Scioto County held that R.C. 2907.03(A)(5) prohibits sexual conduct between a stepparent and a stepchild, regardless of who initiated the conduct or the stepchild's age. *State v. Benson* (1992), 81 Ohio App.3d 697, 612 N.E.2d 337. See, also, *United States v. Hargrove* (C.A.6, 2005), 416 F.3d 486, 496 (the statute criminalizes consensual sex with adult stepchildren and does not require proof of the victim's age or proof that consent was lacking).

{¶ 15} Lowe would have the statute's prohibition against sexual conduct be limited to conduct with minors. We have held that a court may not add words to an unambiguous statute, but must apply the statute as written. *Portage Cty. Bd. of Commrs.*, 109 Ohio St.3d 106, 2006-Ohio-954, 846 N.E.2d 478, ¶ 52. But the plain language of R.C. 2907.03(A)(5) clearly prohibits sexual conduct with one's stepchild while the stepparent-stepchild relationship exists. It makes no exception for consent of the stepchild or the stepchild's age.

## Constitutional Discussion

{¶ 16} Lowe argues that he has a fundamental right to engage in sexual activity with a consenting adult and that his conduct was private conduct protected by the Constitution. He therefore argues that, as applied to him, R.C. 2907.03(A)(5) violates the Fourteenth Amendment to the United States Constitution, which protects him against deprivation of "life, liberty, or property, without due process of law."

{¶ 17} As a threshold matter, we are to presume that the state statute is constitutional, and the burden is on the person challenging the statute to prove otherwise beyond a reasonable doubt. *Klein v. Leis*, 99 Ohio St.3d 537, 2003-

Ohio-4779, 795 N.E.2d 633, ¶ 4. A statute may be challenged as unconstitutional on the basis that it is invalid on its face or as applied to a particular set of facts. See, e.g., *United States v. Eichman* (1990), 496 U.S. 310, 312, 110 S.Ct. 2404, 110 L.Ed.2d 287. In an as-applied challenge, the challenger "contends that application of the statute in the particular context in which he has acted, or in which he proposes to act, [is] unconstitutional." *Ada v. Guam Soc. of Obstetricians & Gynecologists* (1992), 506 U.S. 1011, 113 S.Ct. 633, 121 L.Ed.2d 564 (Scalia, J., dissenting). Because Lowe attacks R.C. 2907.03(A)(5) as it relates to his sexual conduct with his consenting adult stepdaughter, his challenge is to the statute as applied.

{¶ 18} There are two tests used to assess the constitutionality of a statute under the Due Process Clause: strict scrutiny or rational-basis scrutiny. When the law restricts the exercise of a fundamental right, the strict-scrutiny test is used. See *Washington v. Glucksberg* (1997), 521 U.S. 702, 721, 117 S.Ct. 2258, 138 L.Ed.2d 772. A statute survives strict scrutiny if it is narrowly tailored to serve a compelling state interest. *Sorrell v. Thevenir* (1994), 69 Ohio St.3d 415, 423, 633 N.E.2d 504. Yet this heightened test is available only when fundamental rights are implicated. *Lawrence v. Texas* (2003), 539 U.S. 558, 593, 123 S.Ct. 2472, 156 L.Ed.2d 508 (Scalia, J., dissenting), citing *Reno v. Flores* (1993), 507 U.S. 292, 303, 113 S.Ct. 1439, 123 L.Ed.2d 1. Where there is no fundamental right at issue, a rational-basis test is used to protect liberty interests. *Glucksberg*, 521 U.S. at 722, 117 S.Ct. 2258, 138 L.Ed.2d 772. Under the rational-basis test, a statute survives if it is reasonably related to a legitimate government interest. *Am. Assn. of Univ. Professors, Cent. State Univ. Chapter v. Cent. State Univ.* (1999), 87 Ohio St.3d 55, 57, 717 N.E.2d 286.

{¶ 19} Therefore, first we must determine whether Lowe is guaranteed a fundamental right to engage in sexual intercourse with his consenting adult stepdaughter. Fundamental rights are those liberties that are "deeply rooted in this Nation's history and tradition." *Moore v. E. Cleveland* (1977), 431 U.S. 494, 503, 97 S.Ct. 1932, 52 L.Ed.2d 531. The United States Supreme Court has expanded the Due Process Clause beyond the specific freedoms named within the Bill of Rights in a series of cases. Thus, "liberty" interests specially protected by the Due Process Clause include the rights to marry, *Loving v. Virginia* (1967), 388 U.S. 1, 87 S.Ct. 1817, 18 L.Ed.2d 1010; to have children, *Skinner v. Oklahoma ex rel. Williamson* (1942), 316 U.S. 535, 62 S.Ct. 1110, 86 L.Ed. 1655; to direct the education and upbringing of one's children, *Meyer v. Nebraska* (1923), 262 U.S. 390, 43 S.Ct. 625, 67 L.Ed. 1042, and *Pierce v. Society of Sisters* (1925), 268 U.S. 510, 45 S.Ct. 571, 69 L.Ed. 1070; to marital privacy, *Griswold v. Connecticut* (1965), 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510; to use contraception, id. and *Eisenstadt v. Baird* (1972), 405 U.S. 438, 92 S.Ct. 1029, 31 L.Ed.2d 349; to bodily integrity, *Rochin v. California* (1952), 342 U.S. 165, 72 S.Ct. 205,

96 L.Ed. 183; and to abortion, *Planned Parenthood of Southeastern Pennsylvania v. Casey* (1992), 505 U.S. 833, 112 S.Ct. 2791, 120 L.Ed.2d 674.

{¶ 20} The Due Process Clause also protects the traditional right of an individual to refuse unwanted lifesaving medical treatment. *Cruzan v. Dir., Missouri Dept. of Health* (1990), 497 U.S. 261, 278–279, 110 S.Ct. 2841, 111 L.Ed.2d 224. However, the Supreme Court has "always been reluctant to expand the concept of substantive due process because guideposts for responsible decisionmaking in this unchartered area are scarce and open-ended." *Collins v. Harker Hts.* (1992), 503 U.S. 115, 125, 112 S.Ct. 1061, 117 L.Ed.2d 261.

{¶ 21} Lowe cites *Lawrence v. Texas,* 539 U.S. 558, 123 S.Ct. 2472, 156 L.Ed.2d 508, to argue that he has a constitutionally protected liberty interest to engage in private, consensual, adult sexual conduct with his stepdaughter when that activity does not involve minors or persons who may be easily injured or coerced. In *Lawrence,* a Texas statute criminalizing homosexual conduct was held to be unconstitutional as applied to adult males who had engaged in private and consensual acts of sodomy. Lowe contends that *Lawrence* named a new fundamental right to engage in consensual sex in the privacy of one's home.

{¶ 22} However, the statute in *Lawrence* was subjected to a rational-basis rather than a strict-scrutiny test, with the court concluding that the Texas statute furthered no legitimate state interest that could justify intrusion into an individual's personal and private life. Id. at 578, 123 S.Ct. 2472, 156 L.Ed.2d 508. In using a rational-basis test to strike down the Texas statute, the court declined to announce a new fundamental right arising from the case.

{¶ 23} In addition to emphasizing that the court in using a rational-basis test did not name a new fundamental right, the state in this case distinguishes *Lawrence* as being limited to consensual sexual conduct between unrelated adults. Lowe and his stepdaughter were not unrelated. The state argues that since Lowe has no fundamental right in this case, and the state has a legitimate interest in prohibiting incestuous relations and in protecting the family unit and family relationships, the rational-basis test should apply. Lowe argues for strict scrutiny of R.C. 2907.03(A)(5) and contends that Ohio's incest statute is not the least restrictive means for protecting the state's interest.

{¶ 24} We agree with the state that a rational-basis test should be used to analyze the statute. *Lawrence* did not announce a "fundamental" right to all consensual adult sexual activity, let alone consensual sex with one's adult children or stepchildren. Because Lowe's claimed liberty interest in sexual activity with his stepdaughter is not a fundamental right, the statute affecting it need only have a reasonable relationship to some legitimate governmental interest.

{¶ 25} Using the rational-basis test, we conclude that, as applied in this case, Ohio's statute serves the legitimate state interest of protecting the family unit

and family relationships. While it is not enough under the rational-basis test for the government to just announce a noble purpose behind a statute, the statute will pass if it is reasonably related to any legitimate state purpose. *Arrington v. DaimlerChrysler Corp.*, 109 Ohio St.3d 539, 2006-Ohio-3257, 849 N.E.2d 1004, ¶ 38. Ohio has a tradition of acknowledging the "importance of maintaining the family unit." *In re Cunningham* (1979), 59 Ohio St.2d 100, 104, 13 O.O.3d 78, 391 N.E.2d 1034. A sexual relationship between a parent and child or a stepparent and stepchild is especially destructive to the family unit. R.C. 2907.03(A)(5) was designed to protect the family unit by criminalizing incest in Ohio. Stepchildren and adopted children have been included as possible victims of the crime of incest because society is concerned with the integrity of the family, including step and adoptive relationships as well as blood relationships, and sexual activity is equally disruptive, whatever the makeup of the family. See *Camp v. State* (1986), 288 Ark. 269, 704 S.W.2d 617. As the "traditional family unit has become less and less traditional, * * * the legislature wisely recognized that the parental role can be assumed by persons other than biological parents, and that sexual conduct by someone assuming that role can be just as damaging to a child." *State v. Noggle* (1993), 67 Ohio St.3d 31, 33, 615 N.E.2d 1040. This reasoning applies not only to minor children, but to adult children as well. Moreover, parents do not cease being parents—whether natural parents, stepparents, or adoptive parents—when their minor child reaches the age of majority.

{¶ 26} Accordingly, as applied in this case, R.C. 2907.03(A)(5) bears a rational relationship to the legitimate state interest in protecting the family, because it reasonably advances its goal of protection of the family unit from the destructive influence of sexual relationships between parents or stepparents and their children or stepchildren. If Lowe divorced his wife and no longer was a stepparent to his wife's daughter, the stepparent-stepchild relationship would be dissolved. The statute would no longer apply in that case.

{¶ 27} We hold that R.C. 2907.03(A)(5) is constitutional as applied to consensual sexual conduct between a stepparent and adult stepchild, because it bears a rational relationship to the state's legitimate interest in protecting the family. The judgment of the Court of Appeals for Stark County is affirmed.

Judgment affirmed.

MOYER, C.J., SWEENEY, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

PFEIFER, J., dissents.

JAMES J. SWEENEY, J., of the Eighth Appellate District, was assigned to sit for RESNICK, J., whose term ended on January 1, 2007.

Cupp, J., whose term began on January 2, 2007, did not participate in the consideration or decision of this case.

---

Pfeifer, J., dissenting.

{¶ 28} Ohio long ago decriminalized sexual acts between consenting adults. In 1972, the General Assembly enacted Am.Sub.H.B. No. 511, literally rewriting Ohio's criminal code, its first complete revision since 1815. In Summary of Am. Sub. H.B. 511: The New Ohio Criminal Code (1973), the Legislative Service Commission discussed the rewriting of Ohio's criminal code relating to sexually oriented offenses:

{¶ 29} "Chapter 2907 deals with three main categories of crimes: sexual assaults and displays; prostitution offenses; and offenses related to the dissemination of obscenity and matter harmful to juveniles.

{¶ 30} *"The princip[le] on which the first group of offenses is founded is that sexual activity of whatever kind between consenting adults in private ought not to be a crime \* \* \*."* (Emphasis added.) Id. at 13.

{¶ 31} The majority reads R.C. 2907.03 as making certain private, consensual sexual relations between two adults illegal. R.C. 2907.03(A)(5) and its legislative history indicate that that statute is designed to protect children, not to criminalize sexual activity between consenting adults. Imbued in R.C. 2907.03(A)(5) is the notion of parental, or quasi-parental, responsibility and control over the victim. It makes illegal sexual conduct that occurs when "[t]he offender is the other person's natural or adoptive parent, or a stepparent, or guardian, custodian, or person in loco parentis of the other person." The Summary of Am. Sub. H.B. 511, supra, at 14, indicates that it is children and those who are unable to care for themselves that are being protected by the statute: "Incestuous conduct is also included, though defined in broader terms than formerly, so as to include not only sexual conduct by a parent with his child, but also sexual conduct by a stepparent with his step-child, a guardian with his ward, or a custodian or person in loco parentis with his charge." Contrary to the majority's reading of the Legislative Service Commission's Comments to the statute, R.C. 2907.03(A)(5) does not "protect[ ] the family unit more broadly"; instead, it protects children against a broader class of persons who can exert a parental role. In *State v. Noggle* (1993), 67 Ohio St.3d 31, 33, 615 N.E.2d 1040, this court wrote that "[s]imply put, [R.C. 2907.03(A)(5)] applies to the people the child goes home to." A stepparent, who may not even have married his or her spouse until after the spouse's children had reached adulthood, has no legal responsibility to his or her adult stepchildren.

{¶ 32} The majority writes that the statute "advances its goal of protection of the family unit from the destructive influence of sexual relationships between parents or stepparents and their children or stepchildren." I suspect that the statute was not employed in this case as a means to preserve Ohio's fractured extended families. Rather, the state used R.C. 2907.03(A)(5) as a means to prosecute a strict-liability, slam-dunk sex offense that does not allow the defendant to present any evidence regarding the consent of the victim. R.C. 2907.03(A)(5) provides a shortcut to a conviction. This sort of use of the statute demeans its true purpose. The consent of the alleged victim should remain a valid defense in cases involving adults.

---

John D. Ferrero, Stark County Prosecuting Attorney, and Ronald Mark Caldwell, Assistant Prosecuting Attorney, for appellee.

J. Dean Carro, University of Akron School of Law, Appellate Review Office, for appellant.

Marc Dann, Attorney General, Douglas Cole, State Solicitor, Diane R. Brey, Deputy Solicitor, and Michael L. Stokes, Assistant Solicitor, urging affirmance for amicus curiae, Attorney General of Ohio.