CHEAP ESCAPE COMPANY, INC. D.B.A. JB DOLLAR STRETCHER,
APPELLANT, *v.* HADDOX, L.L.C.; TESSMAN, APPELLEE.

[Cite as *Cheap Escape Co., Inc. v. Haddox, L.L.C.,*
120 Ohio St.3d 493, 2008-Ohio-6323.]

(No. 2007–1870—Submitted October 7, 2008—Decided December 11, 2008.)

MOYER, C.J.

## I

{¶ 1} This appeal requires us to determine whether municipal courts have subject-matter jurisdiction over matters lacking connections to their geographical territories. For the following reasons, we hold that municipal courts do not have subject-matter jurisdiction over extraterritorial matters except in limited statutorily created circumstances. We therefore affirm the holding of the court of appeals.

## II

{¶ 2} Appellant, Cheap Escape Company, Inc., d.b.a. JB Dollar Stretcher ("Cheap Escape"), produces a magazine that features business advertisements. Haddox, L.L.C., a construction firm located in Summit County, entered into two contracts with Cheap Escape to run ads in this magazine; appellee, Jeffrey L. Tessman, signed both agreements as a guarantor. The contracts provided that "in the event either party is in noncompliance with any provision of this Agreement the proper venue for litigation purposes will be in the Franklin County Municipal Court or Franklin County Common Pleas." The parties agree

that the events relevant to these transactions occurred outside Franklin County and that the only connection to that forum arises from the forum-selection clauses in the contracts between them.

{¶ 3} After Haddox allegedly defaulted on the agreements, Cheap Escape filed a breach-of-contract action against Haddox and Tessman in the Franklin County Municipal Court, seeking $1,984 in damages. Neither defendant filed a responsive pleading, and the municipal court eventually entered default judgment for Cheap Escape. Nearly 11 months later, Tessman moved to vacate the default judgment, arguing that the municipal court lacked subject-matter jurisdiction because none of the relevant events occurred in Franklin County.[1] The municipal court denied this motion.

{¶ 4} Tessman appealed. The court of appeals determined that R.C. 1901.18 limits municipal court subject-matter jurisdiction in civil matters to cases that have a territorial connection to the court. 173 Ohio App.3d 683, 2007–Ohio–6185, 880 N.E.2d 122, ¶ 24–25. Because the relevant actions in this case occurred in Summit County, not Franklin County, the court of appeals held that the municipal court did not have subject-matter jurisdiction over the case, regardless of the forum-selection clause. Id. at ¶ 34. The court of appeals therefore reversed the municipal court's decision and remanded the case for dismissal. Id. at ¶ 35. We accepted Cheap Escape's discretionary appeal. 116 Ohio St.3d 1474, 2008–Ohio–153, 879 N.E.2d 782.

## III

{¶ 5} This case requires us to examine the limits of municipal court jurisdiction. Unfortunately, jurisdiction is a vague term, " 'a word of many, too many, meanings.' " Steel Co. v. Citizens for a Better Environment (1998), 523 U.S. 83, 90, 118 S.Ct. 1003, 140 L.Ed.2d 210, quoting United States v. Vanness (C.A.D.C. 1996), 85 F.3d 661, 663, fn. 2. Several distinct concepts, including territorial jurisdiction, monetary jurisdiction, personal jurisdiction, and subject-matter jurisdiction, must be demonstrated for a municipal court to be able to hear a specific case.

{¶ 6} While the parties agree that the Franklin County Municipal Court had territorial jurisdiction, monetary jurisdiction, and personal jurisdiction in this case,[2] they disagree sharply on the issue of municipal court subject-matter

---

1. Although the contracts included forum-selection clauses, such clauses do not affect a litigant's ability to challenge subject-matter jurisdiction. See Pratts v. Hurley, 102 Ohio St.3d 81, 2004–Ohio–1980, 806 N.E.2d 992, ¶ 11, citing United States v. Cotton (2002), 535 U.S. 625, 630, 122 S.Ct. 1781, 152 L.Ed.2d 860 (a challenge to subject-matter jurisdiction cannot be waived and may be asserted at any stage in the proceedings).

2. Territorial jurisdiction refers to the ability of a court to act as a court of record in a specific area. See R.C. 1901.02. The Franklin County Municipal Court had territorial jurisdiction over the case

jurisdiction. "Subject-matter jurisdiction of a court connotes the power to hear and decide a case upon its merits" and "defines the competency of a court to render a valid judgment in a particular action." *Morrison v. Steiner* (1972), 32 Ohio St.2d 86, 87, 61 O.O.2d 335, 290 N.E.2d 841.

{¶ 7} Unlike courts of common pleas, which are created by the Ohio Constitution and have statewide subject-matter jurisdiction, see Section 4(A) and (B), Article IV, Ohio Constitution, municipal courts are statutorily created, R.C. 1901.01, and their subject-matter jurisdiction is set by statute. R.C. 1901.18(A) provides the applicable law in this regard: "Except as otherwise provided in this division or section 1901.181 of the Revised Code, subject to the monetary jurisdiction of municipal courts as set forth in section 1901.17 of the Revised Code, a municipal court has original jurisdiction within its territory in all of the following actions or proceedings * * *." The list of enumerated actions includes breach-of-contract cases, which is the cause of action here. Id. at (A)(3).

{¶ 8} To resolve this case, we must specifically determine what the phrase "original jurisdiction within its territory" means. Appellant interprets the phrase to mean that a municipal court has subject-matter jurisdiction over any statutorily prescribed action, regardless of where the underlying events occurred. Conversely, appellee argues that the phrase limits subject-matter jurisdiction to those actions with a territorial connection to the court (e.g., the relevant events occurred within the territorial limits of the court). For the following reasons, we adopt appellee's view.

{¶ 9} When interpreting a statute, we first look to the plain language of the statute and apply it as written when its meaning is clear and unambiguous. *State v. Lowe*, 112 Ohio St.3d 507, 2007–Ohio–606, 861 N.E.2d 512, ¶ 9. Unfortunately, the phrase "original jurisdiction within its territory" is not a model of clarity.

{¶ 10} Appellant argues that the words "within its territory" refer to "jurisdiction" and not the various types of actions listed in R.C. 1901.18(A)(1) through (12). Under this reading, R.C. 1901.18(A) grants a municipal court subject-matter jurisdiction to hear one of those actions if the court convenes within its geographical territory, regardless of whether the case has a territorial connection to the forum. Thus, appellant claims that the Franklin County Municipal Court had jurisdiction over this case because it was operating in Columbus, as required

---

because it was sitting in Columbus, as required by R.C. 1901.02(A). Likewise, the municipal court had monetary jurisdiction over the case because the amount in dispute is $1,984, less than the $15,000 monetary limit that R.C. 1901.17 sets for cases such as the one at bar. Finally, the municipal court had personal jurisdiction, given the forum-selection clauses in the contracts. See *Kennecorp Mtge. Brokers, Inc., v. Country Club Convalescent Hosp., Inc.* (1993), 66 Ohio St.3d 173, 175, 610 N.E.2d 987 (forum-selection clauses in commercial contracts are valid in the absence of fraud or overreaching and can be used to establish personal jurisdiction).

by R.C. 1901.02(A), even though the relevant events occurred in Summit County. Appellant refers to our decision in *Morrison* to support this conclusion. See *Morrison*, 32 Ohio St.2d at 88, 61 O.O.2d 335, 290 N.E.2d 841 (noting that "every municipal court in the state would have subject-matter jurisdiction" over a breach-of-contract action for less than the jurisdictional monetary limit).

{¶ 11} Appellee argues that this approach renders the phrase "within its territory" irrelevant and that R.C. 1901.18 should instead be read to give municipal courts subject-matter jurisdiction only over events having a territorial connection to the court. This interpretation requires us to read "within its territory" as referring to the types of actions that a municipal court may hear. Appellee further claims that *Morrison* was primarily concerned with issues of venue and that the brief explanation of subject-matter jurisdiction in that case should not be dispositive in this case, because the appellant there did not challenge the court's subject-matter jurisdiction.

{¶ 12} After reviewing these arguments and the plain text of R.C. 1901.18(A), we find the statute to be ambiguous; the words "within its territory" could refer to either "original jurisdiction" or the list of actions in the statutory subsections. It is simply unclear from the statutory language whether the General Assembly intended to limit municipal court subject-matter jurisdiction to territorial matters or to give municipal courts subject-matter jurisdiction over all matters suitable for municipal court review so long as the court sits within its territory when it disposes of a dispute. Both interpretations are reasonable. Our decision in *Morrison*, which was primarily focused on issues of venue, lends little assistance in this regard. At most, *Morrison* offers further support for the fact that R.C. 1901.18 establishes municipal court subject-matter jurisdiction; it does not provide meaning to the terms used therein. See *Morrison*, 32 Ohio St.2d at 88, 61 O.O.2d 335, 290 N.E.2d 841.

{¶ 13} To resolve this ambiguity, we must rely on additional methods of statutory interpretation. Because R.C. 1901.18 is part of a complex series of statutes related to jurisdiction, it is appropriate to review the statutes in pari materia. See *State ex rel. Herman v. Klopfleisch* (1995), 72 Ohio St.3d 581, 585, 651 N.E.2d 995 (allowing in pari materia review to deduce meaning when a statute is facially ambiguous). Under this canon of construction, we read all statutes relating to the same general subject matter together and interpret them in a reasonable manner that "give[s] proper force and effect to each and all of the statutes." Id., citing *United Tel. Co. of Ohio v. Limbach* (1994), 71 Ohio St.3d 369, 372, 643 N.E.2d 1129.

{¶ 14} Reading R.C. 1901.18 in pari materia with related statutes clarifies its meaning. As noted above, appellant argues that "within its territory" means that a municipal court may hear any of the actions enumerated in R.C. 1901.18(A)(1)

through (12) so long as it sits within its geographical territory. However, R.C. 1901.02 establishes municipal court territorial jurisdiction, providing that municipal courts "have jurisdiction within the corporate limits of their respective municipal corporations," and establishes where each court must sit within a specific county. See also R.C. 1901.021(A) (allowing a municipal court to sit outside the limits of a specific municipal corporation if it has territorial jurisdiction over a broader area).

{¶ 15} Thus, appellant's interpretation would make the phrase "within its territory" in R.C. 1901.18 mere surplusage that duplicates R.C. 1901.02 and 1901.021, albeit in more general terminology. If the General Assembly had intended to merely repeat the provisions of these statutes, it could have incorporated them by reference in R.C. 1901.18(A), as it did with R.C. 1901.17 and 1901.181, e.g., "when properly convened according to the territorial rules set forth in R.C. 1901.02 and 1901.021, a municipal court has original jurisdiction * * *."

{¶ 16} However, the General Assembly chose to use the unique phrase "original jurisdiction within its territory" in R.C. 1901.18, and we must afford those words some meaning. "It is axiomatic in statutory construction that words are not inserted into an act without some purpose." *State ex rel. Carmean v. Hardin Cty. Bd. of Edn.* (1960), 170 Ohio St. 415, 422, 11 O.O.2d 162, 165 N.E.2d 918; see also *State ex rel. Bohan v. Indus. Comm.* (1946), 147 Ohio St. 249, 251, 34 O.O. 151, 70 N.E.2d 888 (courts must "accord meaning to each word of a leglislative [sic] enactment if it is reasonably possible so to do"). Because "within its territory" does not refer to the areas in which a municipal court may sit, the only other logical way to read the phrase is as a limit on the types of actions that a court may hear. Thus, the phrase "original jurisdiction within its territory in all of the following actions" means that a municipal court may hear only those matters listed in R.C. 1901.18(A)(1) through (12) that have a territorial connection to the court.

{¶ 17} This reading makes sense in view of other related subsections. R.C. 1901.19(B) provides that "a municipal court * * * has jurisdiction outside its territory in a proceeding in aid of execution to subject to the payment of the judgment the interest in personal property of a judgment debtor under a judgment rendered by the court * * *." If municipal courts had statewide jurisdiction as appellant suggests, this subsection, granting extraterritorial jurisdiction for a specific, limited purpose, would be unnecessary.

{¶ 18} Likewise, R.C. 1901.20 provides that municipal courts have subject-matter jurisdiction in criminal matters only when the crime was committed "within its territory" or "within the limits of its territory." R.C. 1901.20(A)(1) and (B). We find no reason that the General Assembly would have granted municipal courts statewide subject-matter jurisdiction over civil matters but only

territorial subject-matter jurisdiction over criminal matters. Further, the fact that the General Assembly used the words "within its territory" in both sections suggests that the phrase should carry the same meaning in both.

{¶ 19} Appellant tries to avoid these comparisons by pointing to former R.C. 1901.19(A)(4). Before it was removed from the statute on July 1, 1997, this subsection provided: "[A] municipal court ha[s] jurisdiction within its territory * * * [i]n any civil action or proceeding at law in which the subject matter of the action or proceeding is located within the territory or when the defendant or any of the defendants resides or is served with summons within the territory." Former R.C. 1901.19(A)(4), eliminated by Am.Sub.H.B. No. 438, eff. July 1, 1997, 146 Ohio Laws, Part III, 4841–4842. Several courts of appeals found that this provision limited municipal court subject-matter jurisdiction to territorial matters. See, e.g., *Stern v. Cleveland Browns Football Club, Inc.* (Dec. 20, 1996), Lake App. No. 95–L–196, 1996 WL 761163; *Rose v. Mays* (Nov. 1, 1995), Montgomery App. No. CA15084, 1995 WL 643123. Appellant argues that by removing this provision in 1997, the General Assembly intended to remove the territorial restrictions therein and give municipal courts statewide jurisdiction.

{¶ 20} We are not persuaded by appellant's argument. While former R.C. 1901.19(A)(4) expressly limited municipal court subject-matter jurisdiction, its removal does not suggest an intent to expand that jurisdiction. In fact, the removal appears to be little more than legislative housekeeping. R.C. 1901.19 was, and still is, concerned primarily with ancillary jurisdictional powers, in particular the power of a court to compel the attendance of witnesses, issue executions on its judgments, and perform similar tasks. See former R.C. 1901.19(A)(1) through (3) and (5) through (7); current R.C. 1901.19(A)(1) through (6). Thus, the discussion of matters pertaining to municipal court subject-matter jurisdiction in former R.C. 1901.19(A)(4) was simply out of place, especially since we recognized in *Morrison* that "[s]ubject-matter jurisdiction of Ohio municipal courts is created and defined by R.C. 1901.18." *Morrison*, 32 Ohio St.2d at 87–88, 61 O.O.2d 335, 290 N.E.2d 841.

{¶ 21} Given this fact, we decline to read anything into the deletion of former R.C. 1901.19(A)(4). The removal of this out-of-place section does not, on its own, clarify the ambiguity in the present version of R.C. 1901.18, nor does it invalidate the conclusion arising from an in pari materia review of the statutes in R.C. Chapter 1901.

{¶ 22} We therefore hold that R.C. 1901.18(A) limits municipal court subject-matter jurisdiction to actions or proceedings that have a territorial connection to the court. Because the parties admittedly did not have territorial connections to the Franklin County Municipal Court, the court lacked subject-matter jurisdiction in this matter. Although the parties entered into contracts with what appear

to be valid forum-selection clauses, such clauses may be used only to choose from among venues that have subject-matter jurisdiction; litigants cannot vest a court with subject-matter jurisdiction by agreement. See *Fox v. Eaton Corp.* (1976), 48 Ohio St.2d 236, 238, 2 O.O.3d 408, 358 N.E.2d 536, overruled on other grounds, *Manning v. Ohio State Library Bd.* (1991), 62 Ohio St.3d 24, 29, 577 N.E.2d 650.

## IV

{¶ 23} For the foregoing reasons, we affirm the holding of the court of appeals.

Judgment affirmed.

PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

———

Gallagher Sharp, Timothy J. Fitzgerald, and Colleen A. Mountcastle, for appellant.

James R. Douglass Co., L.P.A., and James R. Douglass, for appellee.

