{¶ 1} The plaintiff-appellant, International Brotherhood of Electrical Workers, Local Union No. 8, appeals the judgment of the Allen County Common Pleas Court granting the Civ. R. 60(B) motion filed by the defendant-appellee, County Electric LLC. For the reasons set forth herein, we reverse the judgment of the trial court.
 {¶ 2} On March 6, 2008, IBEW sent three certified letters to the Department of Commerce, Labor and Worker Safety Division, Wage and Hour Bureau. The letter at issue in this litigation contained language identifying it as a prevailing wage complaint filed by an interested party in regard to the Indianbrook Pump Station Upgrade project. The other two letters contained similar language concerning projects in Allen and Van Wert Counties. Apparently, no correspondence was received by IBEW from the Bureau. On May 16, 2008, IBEW filed a complaint in common pleas court pursuant to R.C. 4115.16(B) which permits an interested party to file a complaint in common pleas court if the Bureau has not rendered an administrative decision within 60 days of receiving an administrative complaint. IBEW alleged that County Electric had not paid the prevailing wage to its employees after winning the bid for the Indianbrook project, a public improvement financed by a public authority. The complaint also alleged *Page 3 
that County Electric's payroll records did not include required information and that no notice was given to employees pursuant to R.C. 4115.05.
 {¶ 3} On July 11, 2008, County Electric filed a motion to dismiss pursuant to Civ. R. 12(B)(1). Like IBEW, County Electric had not received correspondence from the Bureau concerning the letters sent by IBEW, and therefore claimed that IBEW had not exhausted its administrative remedies. County Electric argued that it had made a public records request with the Bureau on May 19, 2008 to determine if IBEW had filed a complaint against it. An agent of the Bureau indicated that no complaint had been filed against County Electric concerning the Indianbrook project. County Electric attached to its memorandum the affidavit of Michele Hanly, the Assistant Director of the Bureau, who had completed the records search at County Electric's request. Hanley was deposed on August 18, 2008.
 {¶ 4} On September 30, 2008, IBEW filed a memorandum opposing County Electric's motion to dismiss. IBEW cited R.C. 4115.10(B), which requires employees to file a complaint on the Bureau's pre-printed form, and R.C. 4115.16(A), which applies to "interested party" litigation and does not require a pre-printed form. On October 3, 2008, the trial court overruled County Electric's motion, finding that R.C. 4115.16(A) did not require IBEW to use a pre-printed *Page 4 
form in order to file a complaint. The trial court filed an amended order on October 15, 2008 to correct the statutory sections cited in its prior order.
 {¶ 5} On October 16, 2008, County Electric filed a motion for reconsideration. County Electric argued that it was unaware IBEW had sent letters to the Bureau until Hanly's deposition, which was taken after it had filed its motion. County Electric challenged the trial court's finding that R.C. 4115.16(A) does not require an interested party to file a complaint on the Bureau's pre-printed form because R.C. 4115.12 allows the Director of Commerce to adopt reasonable rules to administer R.C. 4115.16, among other statutory sections. County Electric argued that IBEW's letter could not be construed as a complaint because it omitted certain information the Bureau requires on its pre-printed form complaint; that it was denied due process because it was denied an administrative hearing; and that IBEW would not be prejudiced by dismissal of its complaint in common pleas court. IBEW filed no responsive memorandum.
 {¶ 6} On October 31, 2008, the trial court filed a judgment entry vacating its order of October 15, 2008 and dismissing IBEW's complaint. The court found that the letter sent to the Bureau by IBEW was a "bare bones complaint;" that the Bureau has discretion to require forms; that IBEW and its counsel knew protocol at the Bureau; and that failure to dismiss the complaint would result in prejudice to County Electric, but dismissal would have no prejudicial effect on IBEW because *Page 5 
it could refile its complaint at the Bureau. The court concluded that IBEW had failed to file a proper complaint at the Bureau.
 {¶ 7} On November 5, 2008, the court, sua sponte, filed an order vacating its October 31, 2008 judgment entry. The court found that it was unable to grant a "motion for reconsideration" and converted County Electric's filing to a Civ. R. 60(B) motion. The court granted relief from judgment to County Electric for reasons similar to those enunciated in its prior order. IBEW appeals the judgment of the trial court, raising four assignments of error for our review.
 Assignment of Error No. 1 The trial court committed reversible error when it granted Defendant-Appellee's Civ. R. 12(B)(1) Motion for Dismiss for Lack of Subject Matter Jurisdiction
 Assignment of Error No. 2 The trial court committed reversible error when it construed the legislative grant of rule-making authority conferred by R.C. 4115.12 as validating agency actions other than actual rule-making.
 Assignment of Error No. 3 The trial court committed reversible error by permitting an administrative agency to add to the substantive requirements of the statute.
 Assignment of Error No. 4 The trial court committed reversible error by basing its jurisdiction to hear this case on the balance of harm to the parties. *Page 6 
 {¶ 8} In the first assignment of error, IBEW contends the trial court erred by dismissing its complaint under Civ. R. 12(B)(1) for lack of subject matter jurisdiction. IBEW argues that the appropriate standard of review is de novo. However, IBEW appealed the trial court's judgment granting County Electric's motion for relief from judgment under Civ. R. 60(B). Trial courts' decisions under Civ. R. 60(B) are reviewed for an abuse of discretion. Eubank v. Anderson, 119 Ohio St.3d 349,2008-Ohio-4477, 894 N.E.2d 48, at ¶ 4, citing State ex rel. Russo v.Deters (1997), 80 Ohio St.3d 152, 153, 684 N.E.2d 1237. "An abuse of discretion connotes conduct which is unreasonable, arbitrary, or unconscionable." Deters, at 153, citing State ex rel. Edwards v. ToledoCity School Dist. Bd. of Edn. (1995), 72 Ohio St.3d 106, 107,647 N.E.2d 799.
 In order to prevail on a Civ. R. 60(B) motion for relief from judgment, the movant must establish that "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."
Id. at 153-154, quoting GTE Automatic Elec., Inc. v. ARC Industries,Inc. (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, at paragraph two of the syllabus. Civ. R. 60(B) states:
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, *Page 7 order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.
 {¶ 9} In support of its first, second, and third assignments of error, IBEW raises interrelated arguments. However, the central issue in this case, a matter of first impression in the state, is whether the letter sent to the Bureau by IBEW's counsel constituted a "complaint." R.C. 4115.16(A) states in pertinent part: "An interested party may file a complaint with the director of commerce alleging a violation of sections 4115.03 to 4115.16 of the Revised Code. The director, upon receipt of a complaint, shall investigate pursuant to section 4115.13 of the Revised Code." O.A.C. 4101:9-4-23 requires that the complaint be in writing.
 {¶ 10} R.C. 4115.10 requires "employees" to file complaints with the Bureau on a form provided by the agency. County Electric contends that the Bureau requires every complainant to use the same form pursuant to the rule-making authority granted to the Bureau. "In order to facilitate the administration *Page 8 
of sections 4115.03 to 4115.16 of the Revised Code, and to achieve the purposes of those sections, the director of commerce may adopt reasonable rules, not inconsistent with those sections, forcontractors and subcontractors engaged in the construction, prosecution, completion, or repair of a public improvement financed in whole or in part by any public authority." (Emphasis added). R.C. 4115.12.
 {¶ 11} The parties do not dispute that IBEW is an "interested party," which term is defined as:
 (1) Any person who submits a bid for the purpose of securing the award of a contract for construction of the public improvement;
 (2) Any person acting as a subcontractor of a person mentioned in division (F)(1) of this section;
 (3) Any bona fide organization of labor which has as members or is authorized to represent employees of a person mentioned in division (F)(1) or (2) of this section and which exists, in whole or in part, for the purpose of negotiating with employers concerning the wages, hours, or terms and conditions of employment of employees;
 (4) Any association having as members any of the persons mentioned in division (F)(1) or (2) of this section.
R.C. 4115.03(F). Although R.C. 4115.12 encompasses R.C. 4115.16, the former statute grants the Bureau authority to adopt reasonable rules for the filing of complaints by contractors or subcontractors. The clear and unambiguous language of the statute does not grant such authority for the filing of complaints by labor *Page 9 
organizations or associations defined in R.C. 4115.03(F)(3) or (4). SeeCheap Escape Co., Inc. v. Haddox L.L.C., 120 Ohio St.3d 493,2008-Ohio-6323, 900 N.E.2d 601, at ¶ 9, citing State v. Lowe,112 Ohio St.3d 507, 2007-Ohio-606, 861 N.E.2d 512, at ¶ 9. Since IBEW would be defined as either an organization or an association under R.C. 4115.03(F)(3) or (4), it was not required to submit its complaint on the pre-printed form promulgated by the Bureau.
 {¶ 12} The letter sent by IBEW to the Bureau stated in pertinent part:
 RE: Interested Party Prevailing Wage Administrative
 Complaint
 Project: Indianbrook Pump Station Upgrade
 Public Authority: Allen County Commissioners
 County: Allen
 * * *
 This is a formal written complaint in accordance with R.C. 4115.16(A) and O.A.C. 4101:9-4-23.
(Hanly, Michele, Dep., Aug. 27, 2008, at Ex. 2). IBEW's letter was received on March 6, 2008. (Id. at Ex. 1). Hanley testified during her deposition that her supervisor, Bob Kennedy, as the Director of the Bureau had received the three letters, but she was not aware of the letters' existence until County Electric's counsel asked her to sign the affidavit it attached to its motion to dismiss. (Id. at 24). Apparently, the Bureau received the letters, which IBEW construed as complaints, and simply did nothing. Such failure to act for more than 60 days entitled IBEW to file its complaint in common pleas court under R.C. 4115.16(B). *Page 10 
 {¶ 13} Since County Electric's defense is contrary to law and therefore not meritorious, the trial court abused its discretion when it granted the motion for relief from judgment and dismissed IBEW's complaint. The first, second, and third assignments of error are sustained, which renders the fourth assignment of error moot.
 {¶ 14} The judgment of the Allen County Common Pleas Court is reversed.
Judgment Reversed
 PRESTON, P.J., and SHAW, J., concur. *Page 1