[Cite as *Internatl. Bhd. of Elec. Workers v. Cty. Elec., L.L.C.*, 2009-Ohio-2433.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### VAN WERT COUNTY

INTERNATIONAL BROTHERHOOD
OF ELECTRICAL WORKERS,                     CASE NO. 15-08-13
LOCAL UNION NO. 8,

   PLAINTIFF-APPELLANT,

 v.

COUNTY ELECTRIC, LLC,                      **O P I N I O N**

   DEFENDANT-APPELLEE.


**Appeal from Van Wert County Common Pleas Court**
**Trial Court No. CV 08-05-267**

**Judgment Reversed and Cause Remanded**

**Date of Decision:  May 26, 2009**


**APPEARANCES:**

   *Joseph M. D'Angelo* **for Appellant**

   *Jill A. May* **for Appellee**

**SHAW, J.**

{¶1} Plaintiff-Appellant, International Brotherhood of Electrical Workers, Local Union 8 ("IBEW"), appeals from the December 9, 2008 Entry and Order of the Court of Common Pleas of Van Wert County, Ohio granting the Civ. R. 60(B) motion for relief of Defendant-Appellee County Electric LLC ("County Electric") and dismissing the action.

{¶2} On March 6, 2008, IBEW sent three certified letters to the Department of Commerce, Labor and Worker Safety Division, Wage and Hour Bureau ("the Bureau"). These letters were each captioned "Interested Party Prevailing Wage Administrative Complaint." The letter at issue in this litigation was identified as a prevailing wage complaint filed by an interested party, IBEW, in regard to the Van Wert Upground Reservoir No.3 Project ("Van Wert Reservoir Project"). In this letter IBEW requested an investigation of all non-union contractors and subcontractors involved in the project in accordance with R.C. 4115.13. The other two letters filed on March 6, 2008 contained similar language concerning projects in Allen County. Apparently, no correspondence was received by IBEW from the Bureau.

{¶3} On May 16, 2008, IBEW filed a complaint in the Van Wert Common Pleas Court pursuant to R.C. 4115.16(B) which permits an interested party to file a complaint in common pleas court if the Bureau has not rendered an

administrative decision within 60 days of receiving an administrative complaint. IBEW alleged that County Electric had not paid the prevailing wage to its employees after winning the bid for the Van Wert Reservoir Project, a public improvement financed by a public authority. The complaint also alleged that County Electric's payroll records did not include required information and that no notice was given to employees pursuant to R.C. 4115.05.

{¶4} On July 11, 2008, County Electric filed a motion to dismiss pursuant to Civ.R. 12(B)(1). Like IBEW, County Electric had not received any correspondence from the Bureau concerning the letters sent by IBEW, and therefore claimed that IBEW had not exhausted its administrative remedies. County Electric argued that it had made a public records request with the Bureau on May 19, 2008 to determine if IBEW had filed a complaint against it. An agent of the Bureau indicated that no complaint had been filed against County Electric concerning the Van Wert Reservoir Project. County Electric attached to its memorandum the affidavit of Michele Hanly, the Assistant Director of the Bureau, who had completed the records search at County Electric's request. Hanley was deposed on August 18, 2008.

{¶5} On September 30, 2008, IBEW filed a memorandum opposing County Electric's motion to dismiss. IBEW cited R.C. 4115.10(B), which requires employees to file a complaint on the Bureau's pre-printed form, and R.C. 4115.16(A), which applies to "interested party" litigation and does not require a

pre-printed form. On October 14, 2008 County Electric filed a reply memorandum in support of its motion to dismiss.

{¶6} On October 24, 2008, the trial court overruled County Electric's motion to dismiss, finding that R.C. 4115.16(A) did not require IBEW to use a pre-printed form in order to file a complaint.

{¶7} On November 12, 2008 County Electric filed a Civ. R. 60(B) motion for relief. In its motion County Electric argued that IBEW had not exhausted its administrative remedies, a necessary pre-requisite for a common pleas court to gain subject matter jurisdiction over cases brought pursuant to R.C. 4115.16. County Electric also challenged the trial court's finding that R.C. 4115.16(A) does not require an interested party to file a complaint on the Bureau's pre-printed form because R.C. 4115.12 allows the Director of Commerce to adopt reasonable rules to administer R.C. 4115.16, among other statutory sections. Moreover, County Electric argued that IBEW would not be prejudiced by dismissal of its complaint from the common pleas court.

{¶8} In making its arguments, County Electric relied upon the Allen County Court of Common Pleas decision filed in *International Brotherhood of Electrical Workers, Local Union No. 8 v. County Electric*, Allen County Case No. CV 2008 0694 ("the Allen County Case"). The Allen County Case arose out of one of the other two letters sent to the Department of Commerce, Labor and Worker Safety Division, Wage and Hour Bureau on March 6, 2008 and concerned

another public improvement project. In the Allen County Case, the trial court originally denied County Electric's motion to dismiss, but dismissed the case after County Electric filed a Civ. R. 60(B) motion for relief from judgment finding that IBEW was required to file their claim on a pre-printed form. On November 26, 2008 IBEW filed a brief in opposition to County Electric's Civ. R. 60(B) motion.

{¶9} On December 9, 2008 the trial court filed a judgment and order setting aside the order overruling County Electric's motion to dismiss and dismissing IBEW's complaint. The trial court relied on the following reasoning in dismissing the IBEW's complaint:

> **The court finds that the letter/complaint sent to Director is in compliance with the bare bones of the statute as found in Ohio Revised Code section 4115.16(A). However, because the Ohio Prevailing Wage statute in another section designates specific authority for the Director to adopt reasonable procedures for administering the prevailing wage statute, it is within the Director's purview to make all complaints comply with other mandates.**
>
> **\*\*\***
>
> **Because the statute requires an administrative procedure as a prerequisite to any lawsuit by an interested party for alleged prevailing wage violations, this Court thinks it prudent that Plaintiff be required to exhaust administrate remedies before proceeding with a state court action. This Court agrees with the reasoning in Judge Warren's decision that it is making its decision based on the fact that this Plaintiff was well aware of the requirement of the Director that a Complaint must be on a pre-printed form. If another, less informed Plaintiff would have provided the necessary elements of a Complaint in a letter from his attorney who had never filed a prevailing wage claim, nor**

**was familiar with or ever knew that there was a pre-printed form requirement, this case my have been decided differently.**

**Because dismissal of this action will still allow Plaintiff the right to file a proper complaint with the Department of Commerce without suffering prejudice, this Court deems it appropriate and in accordance with Ohio Revised Code 4115.10(E) and Civil Rule 60(B) to set aside the Order Overruling Defendant's Motion to Dismiss.**

**{¶10}** The IBEW now appeals, asserting four assignments of error.

## ASSIGNMENT OF ERROR I
**THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT GRANTED DEFENDANT-APPELLEE'S CIV R. 12(B)(1) MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION.**

## ASSIGNMENT OF ERROR II
**THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT CONSTRUED THE LEGISLATIVE GRANT OF RULE-MAKING AUTHORITY CONFERRED BY R. C. 4115.12 AS VALIDATING AGENCY ACTIONS OTHER THAN ACTUAL RULE-MAKING.**

## ASSIGNMENT OF ERROR III
**THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY PERMITTING AN ADMINISTRATIVE AGENCY TO ADD TO THE SUBSTANTIVE REQUIREMENTS OF THE STATUTE.**

## ASSIGNMENT OF ERROR IV
**THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY BASING ITS JURISDICTION TO HEAR THIS CASE ON THE BALANCE OF HARM TO THE PARTIES.**

**{¶11}** In its first assignment of error, IBEW argues that the trial court erred by dismissing its complaint under Civ. R. 12(B)(1) for lack of subject matter jurisdiction. IBEW argues that the appropriate standard of review from a

dismissal pursuant to 12(B)(1) is de novo. However, IBEW appealed the trial court's judgment granting County Electric's motion for relief from judgment under Civ.R. 60(B). The Supreme Court of Ohio has determined that "[a] motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion." *Griffey v. Rajan* (1987), 33 Ohio St.3d 75, 77, 514 N.E.2d 1122. An abuse of discretion constitutes more than an error of law or judgment and implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140. When applying the abuse-of-discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. *Id.*

{¶12} Civ. R. 60(B) specifically sets forth the grounds for relief from judgment and provides as follows:

> **On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made**

**within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.**

In order to prevail on a motion brought pursuant to Civ.R. 60(B), "the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 351 N.E.2d 113 at paragraph two of the syllabus. All three elements must be established, and the test is not fulfilled if any one of these requirements is not met. *ABN AMRO Mtge. Group, Inc. v. Jackson*, 159 Ohio App.3d 551, 556, 824 N.E.2d 600, 2005-Ohio-297.

{¶13} This case raises an issue that was recently decided by this Court for the first time in *International Brotherhood of Electrical Workers, Local Union No. 8 v. County Electric, LLC.*, 3rd Dist. No. 1-08-71, 2009-Ohio-1300 ("*IBEW*"). Specifically, in *IBEW*, this Court was asked to determine "whether the letter sent to the Bureau by IBEW's counsel constituted a 'complaint.'" *IBEW*, 2009-Ohio-1300, at ¶9. Based on the following reasoning, this Court found that the IBEW's

letter to the Bureau was a complaint. We rearticulate and affirm that reasoning here.

**{¶14}** Revised Code Section 4115.16(A) states in pertinent part: "An interested party may file a complaint with the director of commerce alleging a violation of sections 4115.03 to 4115.16 of the Revised Code. The director, upon receipt of a complaint, shall investigate pursuant to section 4115.13 of the Revised Code." O.A.C. 4101:9-4-23 requires that the complaint be in writing.

**{¶15}** Revised Code Section 4115.10 requires "employees" to file complaints with the Bureau on a form provided by the agency. County Electric contends that the Bureau requires every complainant to use the same form pursuant to the rule-making authority granted to the Bureau. "In order to facilitate the administration of sections 4115.03 to 4115.16 of the Revised Code, and to achieve the purposes of those sections, the director of commerce may adopt reasonable rules, not inconsistent with those sections, for *contractors and subcontractors* engaged in the construction, prosecution, completion, or repair of a public improvement financed in whole or in part by any public authority." (Emphasis added). R.C. 4115.12.

**{¶16}** The parties do not dispute that IBEW is an "interested party," which term is defined as:

> **(1) Any person who submits a bid for the purpose of securing the award of a contract for construction of the public improvement;**

**(2)    Any person acting as a subcontractor of a person mentioned in division (F)(1) of this section;**

**(3)    Any bona fide organization of labor which has as members or is authorized to represent employees of a person mentioned in division (F)(1) or (2) of this section and which exists, in whole or in part, for the purpose of negotiating with employers concerning the wages, hours, or terms and conditions of employment of employees;**

**(4)    Any association having as members any of the persons mentioned in division (F)(1) or (2) of this section.**

R.C. 4115.03(F).

{¶17} Although R.C. 4115.12 encompasses R.C. 4115.16, the former statute grants the Bureau authority to adopt reasonable rules for the filing of complaints by contractors or subcontractors. The clear and unambiguous language of the statute does not grant such authority for the filing of complaints by labor organizations or associations defined in R.C. 4115.03(F)(3) or (4). See *Cheap Escape Co., Inc. v. Haddox L.L.C.,* 120 Ohio St.3d 493, 2008-Ohio-6323, 900 N.E.2d 601, at ¶ 9, citing *State v. Lowe,* 112 Ohio St.3d 507, 2007-Ohio-606, 861 N.E.2d 512, at ¶ 9. Since IBEW would be defined as either an organization or an association under R.C. 4115.03(F)(3) or (4), it was not required to submit its complaint on the pre-printed form promulgated by the Bureau.

{¶18} The letter sent by IBEW to the Bureau stated in pertinent part:

**RE:    Interested    Party    Prevailing    Wage    Administrative Complaint**

**Project: Van Wert Upground Reservoir No.3**

**Public Authority: Van Wert County Commissioners**

**County: Van Wert**

\* \* \*

**This is a formal written complaint in accordance with R.C. 4115.16(A) and O.A.C. 4101:9-4-23.**

(Hanly, Michele, Dep., Aug. 27, 2008, at Ex. 2).

{¶19} IBEW's letter was received on March 6, 2008. (*Id.* at Ex. 1). Hanley testified during her deposition that her supervisor, Bob Kennedy, as the Director of the Bureau had received the three letters, but she was not aware of the letters' existence until County Electric's counsel asked her to sign the affidavit it attached to its motion to dismiss. Apparently, the Bureau received the letters, which IBEW construed as complaints, and simply did nothing. Such failure to act for more than 60 days entitled IBEW to file its complaint in common pleas court under R.C. 4115.16(B).

{¶20} Since County Electric's defense is contrary to law and therefore not meritorious, the trial court erred when it granted the motion for relief from judgment and dismissed IBEW's complaint. Accordingly, IBEW's first, second, and third assignments of error are sustained. The fourth assignment of error is now rendered moot.

{¶21} Based on the foregoing, the December 9, 2008 Entry and Order of the Court of Common Pleas of Van Wert County, Ohio granting County Electric's Civ. R. 60(B) motion for relief and dismissing IBEW's complaint is reversed, and this matter is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment Reversed*
*and Cause Remanded*

**WILLAMOWSKI, J., concurs.**

**/jnc**

**ROGERS, J., concurs separately.**

{¶22} I fully concur in the result reached by the majority. I write separately only to comment on a procedural issue. The trial court initially overruled Appellee's motion to dismiss. This was merely a ruling on a motion and, unquestionably, was *not* a final appealable order. Appellee then filed what it designated as a motion for relief from judgment pursuant to Civ.R. 60(B). This was an improper designation, as one cannot have relief from a judgment that does not exist. Furthermore, had it been a final appealable order, Civ.R. 60(B) cannot be used as a substitute for appeal. See *Key v. Mitchell,* 81 Ohio St.3d 89, 90-91, 1998-Ohio-643.

{¶23} However, the trial court did have the prerogative of reconsidering its prior ruling, precisely because it was not a final appealable order. A party's caption of a motion is not necessarily determinative of the nature of the motion, and, therefore, I have no objections to the trial court proceeding to allow the parties to argue the motion, and then ruling on it. The parties were properly accorded due process when allowed to argue the motion, and there is no reason to believe the result would have been different had the motion been given the correct designation.[1]

{¶24} Again, I agree with the result reached by the majority, and reversal of the trial court's decision is proper.

---

[1] I note that in a prior case between the same parties but in another county, *Internatl. Bhd. of Elec. Workers, Local Union No. 8 v. Cty. Elec., LLC.*, 3d Dist. No. 1-08-71, 2009-Ohio-1300, this Court also reversed a similar ruling by the trial court. In that case, County Electric designated the motion as one for reconsideration, and the trial court, sua sponte, re-designated the motion as one for relief from judgment pursuant to Civ. R. 60(B). Having not participated in that decision, and not having seen the record from the trial court in that case, this author is unable to determine why the trial court felt it necessary to alter the designation of the motion from "reconsideration."