[Cite as *Mitchell v. Chessar*, 2018-Ohio-2757.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

| | |
|---|---|
| The Estate of William Mitchell | Court of Appeals No. L-18-1018 |
| Appellee | Trial Court No. CVH-15-01658 |
| v. | |
| Amos Chessar | **DECISION AND JUDGMENT** |
| Appellant | Decided: July 13, 2018 |

* * * * *

Douglas A. Wilkins, for appellee.

Tyler Naud Jechura, for appellant.

* * * * *

**JENSEN, J.**

## I. Introduction

{¶ 1} Appellant, Amos Chessar, appeals the judgment of the Toledo Municipal Court, enforcing a Colorado judgment by way of a wage garnishment proceeding filed by appellee, the estate of William Mitchell. Upon review, we reverse and find the judgment void.

## A. Facts and Procedural Background

{¶ 2} The facts of this case are not in dispute. Among the assets contained within William Mitchell's estate was a 2004 Nissan Armada automobile, which was located in Maumee, Ohio, at the time of death. According to the record, a companion of William Mitchell brought the automobile to appellant's shop for repairs prior to Mitchell's death. Appellant performed the repairs, but refused to release the vehicle because he was not paid for his services. Seeking the return of the automobile, appellee filed an ancillary estate in the Lucas County Court of Common Pleas, Probate Division. Appellant refused to return the vehicle, and appellee filed a subsequent "complaint for writ of citation to produce assets" in the probate court. Because the automobile was registered in Colorado, the probate court found that it lacked jurisdiction over the matter, and directed appellee to seek relief in Colorado.

{¶ 3} Sometime thereafter, appellee filed a complaint in the District Court of La Plata County, Colorado, seeking possession of the automobile, or alternatively, recovery of monetary damages equal to the value of the automobile. Appellant did not participate in the Colorado proceedings. Consequently, the Colorado court issued an order granting default judgment to appellee on October 23, 2014. In its order, the Colorado court directed appellant to pay appellee a sum of $14,442 and authorized appellee to take "appropriate action" to collect the judgment.

{¶ 4} On February 2, 2015, appellee filed the Colorado court's order with the Toledo Municipal Court in an attempt to collect the $14,442 judgment through wage

2.

garnishment. Approximately one year later, appellee filed a motion to show cause, in which it sought an order from the court compelling appellant's employer, Hudson Automotive, to appear and explain why it had not complied with the garnishment order previously filed with the court. Hudson Automotive is located in Holland, Ohio, which is also the location of appellant's residence.

{¶ 5} On May 5, 2016, appellant responded to appellee's motion to show cause by moving the court to vacate the garnishment order. Two weeks later, appellant filed a supplemental memorandum in support of his request to vacate the garnishment order. In the supplemental memorandum, appellant asserted that the Colorado judgment upon which the garnishment proceedings were based was void for lack of personal jurisdiction. Appellant claimed that he had never advertised, done business, or sought to procure business in Colorado. As such, he argued that he lacked the requisite minimum contacts with Colorado to support the court's exercise of jurisdiction over him.

{¶ 6} On May 23, 2016, appellee filed its "memorandum in opposition to appellant's motion to quash garnishment." In its memorandum, appellee argued that the Colorado judgment is entitled to full faith and credit. Concerning the issue of personal jurisdiction, appellee contended that the probate court's finding that it lacked jurisdiction over the automobile, paired with the fact that the automobile was registered in Colorado, put appellant on sufficient notice that his control over the automobile could subject him to the jurisdiction of the Colorado court.

3.

{¶ 7} After receiving the aforementioned filings from the parties, the trial court took the matter under advisement. On June 2, 2016, the magistrate issued her decision. In her decision, the magistrate noted that appellant was a resident of Holland, appellant's employer was located in Holland, and William Mitchell was a Colorado resident living in Maumee at the time of his death. Moreover, the magistrate found that the events that formed the basis for this matter occurred in Maumee, Ohio, and Durango, Colorado. Because none of the parties resided in Toledo and none of the events took place in Toledo, the magistrate recommended the dismissal of the matter for lack of subject-matter jurisdiction.

{¶ 8} Two weeks after the magistrate's decision was issued, appellee filed its objections. On December 28, 2017, the court granted appellee's objections, vacated the magistrate's decision, and ordered the wage garnishment to be enforced. In response, appellant filed his timely notice of appeal.

## B. Assignments of Error

{¶ 9} On appeal, appellant asserts the following assignments of error for our review:

I. The court erred when it granted the foreign judgment because the court lacked subject matter jurisdiction.

II. The court erred when it granted the foreign judgment because the defendant lacked personal jurisdiction in the court from which the judgment originated.

4.

## II. Analysis

{¶ 10} In his first assignment of error, appellant argues that the trial court erred in ordering the wage garnishment to be enforced because it lacked subject-matter jurisdiction over this matter.

{¶ 11} Concerning the subject-matter jurisdiction of municipal courts in Ohio, R.C. 1901.18 provides, in relevant part:

> Except as otherwise provided in this division or section 1901.181 of the Revised Code, * * * a municipal court has original jurisdiction within its territory in all of the following actions or proceedings and to perform all of the following functions:
>
> * * *
>
> (2) In any action or proceeding at law for the recovery of money or personal property of which the court of common pleas has jurisdiction;
>
> (3) In any action at law based on contract, to determine, preserve, and enforce all legal and equitable rights * * *.  (Emphasis added.)

Further, R.C. 1901.02 sets forth the territorial jurisdiction of municipal courts.  Relevant here, R.C. 1901.02(B) provides:

> In addition to the jurisdiction set forth in division (A) of this section, the municipal courts established by section 1901.01 of the Revised Code have jurisdiction as follows:
>
> * * *

The Maumee municipal court has jurisdiction within the municipal corporations of Waterville and Whitehouse, within Waterville and Providence townships, and within those portions of Springfield, Monclova, and Swanton townships lying south of the northerly boundary line of the Ohio turnpike, in Lucas county.

* * *

The Sylvania municipal court has jurisdiction within the municipal corporations of Berkey and Holland, and within Sylvania, Richfield, Spencer, and Harding townships, and within those portions of Swanton, Monclova, and Springfield townships lying north of the northerly boundary line of the Ohio turnpike, in Lucas county.

* * *

The Toledo municipal court has jurisdiction within Washington township, and within the municipal corporation of Ottawa Hills, in Lucas county.

{¶ 12} Referencing the foregoing statutes, the Fifth District has explained that three requirements must be met in order to establish a municipal court's subject-matter jurisdiction: (1) a claim for money damages must be within the court's monetary jurisdiction; (2) the action must fall within one of the categories listed in R.C. 1901.18; and (3) the action must "have contact" with the court's territorial limits. *Goody v. Scott*, 5th Dist. Richland No. 95CA31, 1995 Ohio App. LEXIS 5984, *4-5 (Oct. 18, 1995). In

6.

order to have contact with the court's territorial jurisdiction, one of the following statements must be true: (a) the subject matter of the action is located within the court's territorial limits, (b) at least one defendant resides within the court's territorial limits, or (c) at least one defendant has been served within the court's territorial limits. *Id.*

{¶ 13} Here, there is no dispute that appellee's claim is within the court's monetary jurisdiction. Further, appellant does not argue that wage garnishment proceedings are outside the scope of the categories listed in R.C. 1901.18. Instead, appellant argues that appellee's claim falls outside the Toledo Municipal Court's territorial jurisdiction. Upon due consideration, we agree with appellant that the Toledo Municipal Court lacked jurisdiction in this case.

{¶ 14} As set forth in R.C. 1901.02(B), the Toledo Municipal Court's territorial jurisdiction is limited to the city of Toledo, Washington Township, and the municipal corporation of Ottawa Hills. The subject matter of this action is the garnishment of wages stemming from an order of a court located in Colorado relating to an automobile registered in Colorado and located in Maumee, Ohio. Appellant is a resident of Holland, Ohio, and there is no evidence that he was served within the city of Toledo, Washington Township, or the municipal corporation of Ottawa Hills. Because the parties and events that underlie this proceeding have no contact with the Toledo Municipal Court's territorial jurisdiction, we conclude that the court lacked subject-matter jurisdiction in this matter. *See Cheap Escape Co. v. Haddox*, 120 Ohio St.3d 493, 2008-Ohio-6323, 900

N.E.2d 601, ¶ 22 ("R.C. 1901.18(A) limits municipal court subject-matter jurisdiction to actions or proceedings that have a territorial connection to the court.").

{¶ 15} Accordingly, we find appellant's first assignment of error well-taken. Having found that the trial court lacked subject-matter jurisdiction, the court's order enforcing the garnishment of appellant's wages is void and appellant's second assignment of error is moot.

### III. Conclusion

{¶ 16} In light of the foregoing, the judgment of the Toledo Municipal Court is reversed and declared void for lack of subject-matter jurisdiction. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.          _____
                                                          JUDGE
Arlene Singer, J.

                                              _____
James D. Jensen, J.                                    JUDGE
CONCUR.

                                              _____
                                                          JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.