[Cite as *Merritt v. Ohio Dept. of Job & Family Servs.*, 2020-Ohio-2674.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| JEROME MERRITT, | : | CASE NO. CA2019-09-160 |
| Appellant, | : | O P I N I O N<br>4/27/2020 |
| | : | |
| - vs - | : | |
| | : | |
| OHIO DEPARTMENT OF JOB AND<br>FAMILY SERVICES, OFFICE OF LEGAL<br>AND ACQUISITION SERVICES, | : | |
| Appellee. | : | |

APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2018-12-2798

sb2, Inc., Nicholas A. Kulik, 1426 N. Third Street, Suite 200, P.O. Box 5400, Harrisburg, Pennsylvania 17110, for appellant

David A. Yost, Ohio Attorney General, Theresa R. Dirisamer, 30 E. Broad Street, 26th Floor, Columbus, Ohio 43215, for appellee

**M. POWELL, P.J.**

{¶ 1} Jerome Merritt ("Merritt") appeals from the decision of the Butler County Court of Common Pleas, which affirmed the Ohio Department of Job and Family Services' denial of Merritt's request for a state hearing to review the denial of his Medicaid application. For the reasons that follow, this court reverses the common pleas court's decision.

{¶ 2} Merritt, a resident of the nursing facility "Heritagespring of Westchester," applied to the Butler County Department of Job and Family Services ("BCDJFS"), for long term care Medicaid benefits. BCDJFS issued Merritt a written denial of his application based on an alleged failure to verify his resources and because he was over the Medicaid resource limits.

{¶ 3} The denial letter informed Merritt of his right to request a state hearing and have a hearing officer of the Ohio Department of Job and Family Services ("ODJFS" or, "the agency") review the local agency's decision. The notice further informed Merritt of his right to have someone else request a state hearing on his behalf, if he sent ODJFS his signed authorization.

{¶ 4} In October 2018, attorney Amy Baughman of the law firm "sb2, Inc." ("sb2") sent a 36-page document to the agency's Bureau of State Hearings. The document consisted of a two-page correspondence and three attachments labeled as exhibits. Baughman wrote that Merritt was a resident of Heritagespring of Westchester, that Elizabeth Ferris at Heritagespring was the authorized representative of Merritt with respect to his right to pursue Medicaid benefits and that "Elizabeth Ferris/Heritagespring" had retained sb2 to pursue a state hearing on Merritt's behalf. Baughman further wrote that the letter was an appeal and request for a fair hearing on BCDJFS' denial of Merritt's Medicaid application.

{¶ 5} Baughman's letter referenced the three exhibits, which were included to demonstrate Ferris' and Heritagespring's authorization to request the hearing on Merritt's behalf. The first exhibit consisted of a form titled "designation of authorized representative" ("DAR form"). The DAR form indicated that Merritt had authorized Ferris at Heritagespring to be his authorized representative for Medicaid application purposes. The document further identified Heritagespring as the "facility" and expressed that Merritt was also

authorizing "any employees or agents of the facility, including attorneys hired by the facility" to represent him in conjunction with participating in reviews for his Medicaid eligibility. The document bore the signature, "Glenn Merritt P.O.A."

{¶ 6} The second exhibit consisted of a set of two powers of attorney, i.e., a healthcare power of attorney ("healthcare POA") and a "statutory form," general power of attorney ("general POA"). Merritt had signed the healthcare POA, but the portion of the document designating an agent was blank. The general POA was signed by Merritt and was notarized. The general POA designated Merritt's son, Glenn Merritt ("Glenn"), as his agent. The general POA granted Glenn broad powers over Merritt's financial affairs, including those related to "Benefits from Governmental Programs."

{¶ 7} The final exhibit consisted of a letter written on Heritagespring letterhead and signed by a licensed social worker at Heritagespring. It expressed that "Heritagespring is the authorized representative for Jerome Merritt" and that sb2 represented Heritagespring. The letter indicated that if the agency had any questions it should contact attorney Baughman.

{¶ 8} The agency denied the request for a state hearing. In a correspondence explaining the decision, the agency wrote to Merritt that "[a]n individual or organization filed a state hearing request on your behalf, and we do not have any record or written authorization from you that the individual or organization can act as your representative."

{¶ 9} Merritt appealed the denial through an agency administrative appeal. In a letter to the agency, an sb2 attorney reiterated that sb2 represented Heritagespring in conjunction with Merritt's right to pursue Medicaid benefits. The attorney argued that the DAR form established that Heritagespring, as well as its employees, agents, and attorneys, were authorized to request the hearing on Merritt's behalf and that sb2 was again, on behalf of Ferris, requesting a state hearing.

{¶ 10} The administrative appeal affirmed the earlier denial of the state hearing. The decision acknowledged that "[b]oth the request for a state hearing and administrative appeal contained a form prepared by [sb2] which indicates that [Merritt] has authorized the nursing facility * * * and their attorneys to represent [Merritt]." However, the agency went on to conclude that the DAR form was not an effective designation of authority based on an examination of signatures on the documents submitted. The agency found that the DAR form had not been signed by Merritt personally but instead had been signed by his healthcare power of attorney (Glenn). The decision concluded that "[a] health care power of attorney does not contain sufficiently broad powers for the health care power of attorney to adequately represent Appellant on legal and financial matters." Inexplicably, the decision failed to note that the healthcare POA did not designate an agent or discuss the broad financial powers granted to Glenn under the general POA.

{¶ 11} Merritt appealed to the common pleas court. He subsequently filed a "notice of supplemental exhibit." The exhibit consisted of a document entitled "conflict of interest acknowledgement and waiver" ("conflict letter"). In it, Glenn, as power of attorney, indicated that he had requested that sb2 represent Merritt in all appeals in conjunction with Merritt's application for Medicaid benefits. Glenn further acknowledged that sb2 represented Heritagespring in their effort to collect an outstanding debt from Merritt for long term care services. Glenn waived any conflict.

{¶ 12} After briefing by both sides, the court issued its decision affirming the denial of the request for a state hearing. The court discussed the conflict letter, which it described as a "form appointing SB2 as POA for [Merritt]."[1] The court found that until the filing of the

---

1. It is not clear why the common pleas court referred to the conflict letter as a form granting a power of attorney to sb2. Glenn acknowledges in the letter that *he* is Merritt's attorney in fact, that he had asked sb2 to represent Merritt, that sb2 also represented Heritagespring, that dual representation has the potential for conflicts of interest, but that he was nonetheless waiving any potential conflict on Merritt's behalf.

conflict letter, no document filed earlier in the proceedings had designated sb2 as authorized representative for Merritt. Therefore, the court concluded that the agency had properly denied the state hearing request.

{¶ 13} Merritt appeals, raising three assignments of error.

{¶ 14} Assignment of Error No. 1:

{¶ 15} THE COURT OF COMMON PLEAS ERRED IN AFFIRMING THE APPELLEE'S DECISION BECAUSE THE COURT DID NOT HAVE SUBJECT MATTER JURISDICTION TO DECIDE THE ISSUE OF WHETHER THE PROPER AUTHORIZATIONS WERE SUBMITTED TIMELY, AS THAT WAS NOT THE BASIS FOR THIS APPEAL.

{¶ 16} Merritt argues that the common pleas court lacked subject-matter jurisdiction to decide this case because the court premised its decision on the conflict letter, which was not submitted in conjunction with the request for the state hearing. Merritt contends that the court only had "subject-matter jurisdiction" over the three exhibits submitted along with sb2's letter requesting a state hearing.

{¶ 17} "'Subject-matter jurisdiction of a court connotes the power to hear and decide a case upon its merits' and 'defines the competency of a court to render a valid judgment in a particular action.'" *Cheap Escape Co. v. Haddox, L.L.C.*, 120 Ohio St.3d 493, 2008-Ohio-6323, ¶ 6, quoting *Morrison v. Steiner*, 32 Ohio St.2d 86, 87 (1972). Whether a court possesses subject-matter jurisdiction over a case is a matter of law that this court reviews de novo. *Pratts v. Hurley,* 102 Ohio St.3d 81, 2004-Ohio-1980, ¶ 34. See *Powers-Urteaga v. Urteaga*, 12th Dist. Warren No. CA2014-08-109, 2015-Ohio-2465, ¶ 15.

{¶ 18} Merritt's argument conflates subject-matter jurisdiction with the appropriate scope of review by the common pleas court. Without question, the common pleas court has subject-matter jurisdiction over an appeal from an agency administrative appeal

decision. R.C. 5101.35(E). That statute provides that the appeal to the common pleas court is governed by R.C. 119.12, which sets forth the standard and scope of review:

> The court may affirm the order of the agency complained of in the appeal if it finds, *upon consideration of the entire record and any additional evidence the court has admitted*, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of this finding, it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law.

(Emphasis added.) R.C. 119.12(M). Accordingly, the common pleas court's ability to review this case was not limited to examining the documents submitted to the agency.

{¶ 19} Regardless, the common pleas court's decision was not based upon the conflict letter. The court based its decision on the initial documents submitted to the agency. The court concluded that sb2 was required to establish that *it* was Merritt's authorized representative and that it had not done so in the documents submitted to the agency. Accordingly, this court overrules Merritt's first assignment of error.

{¶ 20} Assignment of Error No. 2:

{¶ 21} EVEN IF THE COURT OF COMMON PLEAS DID HAVE JURISDICTION, IT ERRED IN ITS FINDING THAT THE APPELLANT DID NOT SUBMIT THE PROPER AUTHORIZATION FORMS WITHIN ITS REQUEST FOR A STATE HEARING.

{¶ 22} Merritt contends that the common pleas court erred because the DAR form authorized Heritagespring to request the state hearing on his behalf. In an administrative appeal pursuant to R.C. 119.12, the common pleas court reviews the order to determine whether it is supported by reliable, probative, and substantial evidence and is in accordance with law. *Langdon v. Ohio Dept. of Edn.*, 12th Dist. Butler No. CA2017-02-025, 2017-Ohio-8356, ¶ 72, citing *In re Henneke*, 12th Dist. Clermont No. CA2011-05-039, 2012-Ohio-996, ¶ 88. This court's standard of review is more limited. *Id.* at ¶ 75, citing *Rossford Exempted*

*Village School Dist. Bd. of Edn. v. State Bd. of Edn.*, 63 Ohio St.3d 705, 707 (1992). In reviewing whether the common pleas court's determination was supported by reliable, probative and substantial evidence, this court's role is limited to determining whether the common pleas court abused its discretion. *Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd.*, 40 Ohio St.3d 257, 260-261 (1988).

{¶ 23} The relevant provisions of the Ohio Administrative Code provide that a request for a state hearing "is defined as a clear expression, by the individual or authorized representative, to the effect that he or she wishes to appeal a decision* * *." Ohio Adm.Code 5101:6-3-02(A)(1). State hearings "may only be requested by or on behalf of an individual applying for or receiving benefits." *Id.*

{¶ 24} With respect to state hearing requests made on behalf of an individual, the Administrative Code provides that "[w]ritten authorization including, but not limited to letters of guardianship or power of attorney, must accompany all requests made on an individual's behalf by an authorized representative." Ohio Adm.Code 5101:6-3-02(A)(3). Authorized representatives for Medicaid purposes can be either persons or organizations. Ohio Adm.Code 5160-1-33(A)(1) and (2).

{¶ 25} Written authorization is not transferable. Ohio Adm.Code 5101:6-3-02(A)(4). There must be documentary evidence in the hearing record "that the appellant, the appellant's legal guardian, or the power of attorney has granted authorization to another individual to represent the appellant in the hearings process. Otherwise, the appellant is the only individual who can grant another individual authorization to represent the individual." *Id.*

{¶ 26} The agency's Bureau of State Hearings can only deny a state hearing request

for six reasons.  Ohio Adm.Code 5101:6-5-03(C)(1) through (6).[2]  Relevant to this appeal, the Bureau may deny a state hearing request if "[t]he request was not made by the individual or authorized representative, or written authorization specifically designating the person making the request to act on the individual's behalf was not submitted with the request." Ohio Adm.Code 5101:6-5-03(C)(2).  Notably, the Administrative Code adds that any denial under the (C)(2) subsection "must be consistent with the provisions of rule 5101:6-3-02 of the Administrative Code."[3]

{¶ 27}  Ohio Adm.Code 5101:6-3-02(D) provides: "the freedom to request a state hearing shall not be limited, interfered with, or discouraged in any way. * * * Local and state agency emphasis shall be on helping the individual to submit and process the request, and to prepare for the hearing."  In the same spirit, the Administrative Code also provides that "[a]ll rules relating to the right to a hearing and limitations on that right shall be liberally construed in favor of the right to a hearing."  Ohio Adm.Code 5101:6-1-01(B).

{¶ 28}  The initial letter from attorney Baughman informed the agency that Elizabeth Ferris of Heritagespring was Baughman's client and that Ferris was the authorized representative of Jerome Merritt.  This letter, from a licensed attorney, was supported by documentation confirming sb2's legal representation of Ferris/Heritagespring and establishing that Glenn was Merritt's power of attorney with sufficient powers under the general POA to designate Ferris as Merritt's authorized representative.  Specifically, the general POA granted Glenn broad rights to control his father's financial affairs, including obtaining "Benefits from Governmental Programs."

{¶ 29}  The DAR form, which was signed by Glenn as power of attorney, identified

---

2. These reasons apply to denials that occur before the agency has scheduled the hearing.  Ohio Adm.Code 5101:6-5-03(D)(1).

3. Of the six reasons that the agency can deny a request for a state hearing, the (C)(2) section is the only section containing this admonishment.

Jerome Merritt as the subject of the form and expressly authorized Ferris of Heritagespring "to be my authorized representative." The form granted Ferris broad rights in representing Merritt in conjunction with applying for Medicaid benefits, including taking all actions necessary to establish Medicaid benefits and participating in all reviews of eligibility for Medicaid benefits.

{¶ 30} Based upon the correspondence, the DAR form, and the general POA, the agency should have granted the request for a state hearing. These documents established that Ferris was Merritt's authorized representative and that she was requesting a hearing on his behalf. Furthermore, the agency should have granted the state hearing request on the basis that it had been requested by Heritagespring.[4]

{¶ 31} As stated previously, the Administrative Code permits an organization to be an authorized representative. Ohio Adm.Code 5160-1-33(A)(1) and (2). The DAR form identified Heritagespring as the "facility." The form indicated that "I also authorized any employees or agents of the facility, including attorneys hired by the facility, to now represent me" in conjunction with obtaining Medicaid benefits.

{¶ 32} Contrary to the agency's argument on appeal, the grant of authority to Heritagespring and its employees and attorneys did not violate the rule that a written designation of an authorized representative is nontransferable. Baughman's request for a state hearing was not a transfer of authority but an exercise of authority by an attorney on behalf of a client i.e., Ferris/Heritagespring.

{¶ 33} The agency argues that this court should follow the decision of the Montgomery County Common Pleas Court, which affirmed an agency denial on similar

---

4. The agency admitted as such in its decision on the administrative appeal, noting that "[b]oth the request for a state hearing and administrative appeal contained a form prepared by [sb2] which indicates that [Merritt] has authorized the nursing facility (NF) and their attorneys to represent Appellant."

grounds. *Gaines v. Ohio Dept. of Job and Family Servs.*, Montgomery C.P. No. 2018 CV 03009 (Nov. 26, 2018). In that case, which also involved sb2, the common pleas court agreed with the conclusion of the agency's administrative appeal decision, which decision affirmed the agency's denial of a request for a state hearing. *Id.* at 2, 7. The decision found that sb2 had established that it represented the appellant's authorized representative, a nursing home. *Id.* at 2. However, sb2 had not established that *it* was also the appellant's authorized representative. *Id.* at 7. In other words, because the letter did not come directly from the nursing home, and instead came from the nursing home's attorney, the agency could deny the request for a state hearing under Ohio Adm.Code 5101:6-3-02.

{¶ 34} This court rejects the rationale of the administrative appeal decision and *Gaines.* There is no provision within the Administrative Code that requires legal counsel for an authorized representative to establish that they too are an authorized representative.[5] An authorized representative "[s]tands in the place of the individual." Ohio Adm.Code 5160-1-33(B)(4). An attorney is an advisor and advocate for their client. The attorney does not stand in the place of the client. Moreover, the Administrative Code provides that all parties have the right to be represented by legal counsel at the hearing. Ohio Adm.Code 5101:6-5-01(E). As such, a communication from a licensed Ohio attorney, that he or she represents the authorized representative of a Medicaid applicant, which communication is properly supported by a signed authorization, is sufficient for purposes of requesting a state hearing under Ohio Adm.Code 5101:6-3-02.[6]

---

5. In its brief, the agency cites Ohio Adm.Code 5160-1-33(A)(1) and 5101:6-3-02(A)(4) for the proposition that "[n]ot even an attorney representing the authorized representative can request a hearing unless the attorney has *also* been properly designated to be an authorized representative of the applicant." (Emphasis sic.) Neither of these sections address the role of the legal advocate in the state hearing process. The agency's interpretation appears contrived to justify its actions and create additional bureaucratic hurdles for the applicant.

6. Even if this court agreed that an attorney representing an authorized representative must themselves be an authorized representative, the DAR form in this case specifically included "attorneys hired by the facility" within the definition of authorized representatives.

{¶ 35} What occurred in this case and what seems to have occurred in *Gaines* is contrary to the mandate that the agency liberally interpret and apply the administrative rules *in favor* of assisting individuals in obtaining review of the Medicaid decisions of the local agency. Ohio Adm.Code 5101:6-3-02(D) and 5101:6-1-01(B). Yet at each level of review in this case, Merritt's attempts to obtain a state hearing were frustrated due to a hypertechnical and strict construction of the regulations.

{¶ 36} If the agency concluded that that the documents forwarded by Baughman were insufficient or created confusion as to the identity of Merritt's authorized representative, then the agency should have undertaken some effort to obtain clarification. Such action would be consistent with the requirement that the agency act in such a way as to support the applicant in his or her attempt to obtain a state hearing, not interfere with the right to a hearing, and that the agency not act as an adversary to the applicant. The initial denial by the agency was inconsistent with the provisions of Ohio Adm.Code 5101:6-3-02(D), requiring that that agency's emphasis "shall be on helping the individual to submit and process the request, and to prepare for the hearing."

{¶ 37} The common pleas court's decision was apparently premised on its agreement with the rationale of *Gaines*. For the foregoing reasons, this court concludes that the common pleas court abused its discretion in denying Merritt's appeal from the administrative appeal decision. This court sustains Merritt's second assignment of error and remands this matter to ODJFS, Bureau of State Hearings, with orders that the agency grant Merritt a state hearing on BCDJFS' July 19, 2018 notice denying his application for Medicaid benefits.

{¶ 38} Assignment of Error No. 3:

{¶ 39} EVEN WITHOUT THE EXISTENCE OF A DAR, HERITAGESPRING COULD STILL LEGALLY ADVOCATE FOR THE APPELLANT IN HIS APPLICATION FOR

MEDICAID BENEFITS.

{¶ 40} Merritt argues that even without the DAR form, Heritagespring could assist him in requesting the state hearing pursuant to other Ohio Administrative Code sections. Based upon this court's resolution of the second assignment of error, this assignment of error is moot and need not be addressed. App.R. 12(A)(1)(c).

{¶ 41} Judgment reversed and remanded.

S. POWELL and PIPER, JJ., concur.