[Cite as *Chamberlain v. Ohio Dept. of Job & Family Servs.*, 2024-Ohio-511.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


JARED B. CHAMBERLAIN,       :

     Appellant,           :         CASE NO. CA2023-05-032

                              :          O P I N I O N
    - vs -                                  2/12/2024

                              :

OHIO DEPARTMENT OF JOB AND     :
FAMILY SERVICES,

                              :
     Appellee.


CIVIL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2022 CVF 0337


Amy C. Baughman, for appellant.

Dave Yost, Ohio Attorney General, and Theresa R. Dirisamer, Assistant Attorney General, for appellee.


**PIPER, J.**

{¶ 1} In this appeal, appellant Jared Chamberlain, special administrator of the estate of Ralph Scott, challenges the trial court's decision affirming the denial of Ralph's application for long term care Medicaid ("LTC Medicaid"). Appellee is the Ohio Department of Jobs and Family Services ("ODJFS"). The relevant denial notice stated that Ralph was denied LTC Medicaid because he possessed resources that exceeded

the permissible limit and for failing to provide the required verifications.

**Facts and Procedure**

{¶ 2}   In September 2020, Ralph was a resident of Eastgatespring ("Eastgate"), a long term care facility in Clermont County.  With his health in decline, Ralph appointed Eastgate as his Medicaid representative.

{¶ 3}   Ralph was married to Virginia Scott.  Under applicable law, Ralph was considered an "Institutional Spouse," while Virginia, who continued to reside in the community, was considered a "Community Spouse."

{¶ 4}   In October 2020, Eastgate filed an application for LTC Medicaid on Ralph's behalf with the Clermont County Department of Job and Family Services ("CCDJFS"). The relevant regulations require that an applicant's resources not exceed $2,000 in value to be eligible for such benefits.  Ohio Adm.Code 5160:1-6-04 (Medicaid: treatment of income and resources for an institutionalized spouse with a spouse in the community). Because Ralph had a Community Spouse, a portion of the couple's assets was reserved for the benefit of the Community Spouse also known as the Community Spouse Resource Allowance ("CSRA").  *Estate of Atkinson v. Ohio Dept. of Job & Family Servs*., 144 Ohio St.3d 70, 2015-Ohio-3397, ¶ 4-7 (summarizing the historical background of Medicaid).

{¶ 5}   Based upon information Eastgate provided, CCDJFS concluded that Ralph and Virginia had resources totaling $40,149, consisting of four life insurance policies, four bank accounts, and a vehicle.  After deducting the CSRA of $25,728, CCDJFS determined that Ralph had $14,421 for purposes of the eligibility determination, thus exceeding the $2,000 limit.[1]  As a result, Ralph was denied benefits because the value of

---

1. The CSRA in this instance is the community spouse minimum resource standard established by the Centers for Medicare and Medicaid Services ("CMS").  At all times pertinent, the CSRA in this case was $25,728.

his resources exceeded the Medicaid-eligibility limits. Eastgate did not appeal the first denial.

{¶ 6} On January 4, 2021, Eastgate filed a second application on Ralph's behalf, seeking LTC Medicaid and Medicare Premium Assistance Program ("MPAP") benefits. CCDJFS sent Eastgate a request for verification of the values of Ralph's life insurance policies and bank accounts which were due by January 22, 2021. After not receiving a response, CCDJFS sent a second request for the same verifications on January 25, 2021, with a deadline of February 4, 2021. Eastgate requested an extension and CCDJFS issued a third request with a deadline of March 1, 2021.

{¶ 7} Ralph died on February 19, 2021, and Eastgate informed CCDJFS of his passing on March 1, 2021. Eastgate then sent verifications for two bank accounts (although there had previously been four bank accounts). At the same time, Eastgate indicated that it had been unable to create online accounts for the life insurance policies and asked if CCDJFS could use the information that had been submitted with the prior application.

{¶ 8} On March 3, 2021, CCDJFS sent Eastgate another denial notice stating that Ralph's application for LTC Medicaid was denied due to his excess resources. The application was also denied for failing to provide the required verifications. In addition, CCDJFS denied Ralph's application for MPAP for failing to provide the required verifications. Eastgate requested a state hearing.

{¶ 9} A state hearing was held on July 13, 2021. The state hearing decision overruled the appeal, finding that Eastgate did not have proper authorization to represent Ralph at the state hearing. Eastgate requested an administrative appeal from the state hearing decision. The administrative appeal decision partially reversed the state hearing decision and remanded the application to the state hearing officer to issue a new state

hearing decision addressing the merits of Ralph's application for LTC Medicaid.[2]

{¶ 10} The state hearing officer issued a supplemental decision addressing the merits of the denial of Ralph's LTC Medicaid application. The state hearing officer considered a statement from Ralph's spouse that Ralph's vehicle had been sold. The state hearing officer also considered the two updated bank statements and the previously supplied life insurance values. The state hearing officer then recalculated the total resources based upon that information. The state hearing officer determined even if Ralph's vehicle was not included and the value of the two unverified bank accounts was zero, Ralph still exceeded the resource limit for LTC Medicaid.

{¶ 11} Eastgate requested an administrative appeal. The administrative hearing decision affirmed the state hearing decision. In pertinent part, the administrative hearing decision overruled Eastgate's argument that it had requested assistance in obtaining verifications but was denied. It also overruled Eastgate's argument that it did not timely receive a copy of the CSRA and that CCDJFS did not provide proof it had calculated the CSRA correctly. The administrative hearing decision also concluded that Ralph's resources exceeded the resource limit for LTC Medicaid.

{¶ 12} Appellant appealed the administrative hearing decision to the Clermont County Court of Common Pleas. The trial court affirmed the decision. The trial court found the calculation of the resources with respect to the Community Spouse and the denial of benefits was supported by reliable, probative, and substantial evidence and was in accordance with law. The trial court likewise rejected the argument that Ralph or Eastgate had requested assistance in obtaining the required verifications. Appellant now appeals, raising three assignments of error for review.

---

2. Eastgate did not appeal the denial of MPAP so that decision was affirmed.

**Appeal**

{¶ 13} Assignment of Error No. 1:

{¶ 14} THE TRIAL COURT ERRED WHEN IT FAILED TO DETERMINE THAT MR. SCOTT WAS IMPROPERLY DENIED LONG-TERM CARE MEDICAID FOR RESOURCES THAT WERE NOT AVAILABLE TO HIM.

{¶ 15} Assignment of Error No. 2:

{¶ 16} THE TRIAL COURT ERRED WHEN IT FAILED TO DETERMINE THAT BECAUSE THIS WAS A SPOUSAL APPLICATION, MRS. SCOTT WAS PERMITTED TO KEEP A PORTION OF THE COMBINED INCOME AND RESOURCES. HOWEVER, NO CSRA WAS PROVIDED TO SHOW THAT A CSRA WAS EVER PROPERLY DONE FOR THE JANUARY 4, 2021, APPLICATION.

{¶ 17} In his first two assignments of error, appellant maintains Ralph was improperly denied LTC Medicaid claiming some unspecified amount of resources were not available to him. He also claims there were errors below with respect to the CSRA. Appellant makes various other claims and assertions that the proceedings below were conducted improperly and Ralph's application for benefits should not have been denied.

{¶ 18} Revised Code Section 5101.35 governs judicial review of administrative appeal decisions issued by ODJFS and authorizes appellants who disagree with an administrative appeal decision to appeal to the court of common pleas pursuant to R.C. 119.12. *Williams v. Ohio Dept. of Job & Family Servs.*, 3d Dist. Logan No. 8-11-18, 2012-Ohio-4659, ¶ 25. In an administrative appeal pursuant to R.C. 119.12, the trial court reviews the order to determine whether it is supported by reliable, probative, and substantial evidence and is in accordance with law. *Merritt v. Ohio Dept. of Job & Family Servs.*, 12th Dist. Butler No. CA2019-09-160, 2020-Ohio-2674, ¶ 22.

{¶ 19} An appellate court's review of an administrative decision is more limited than

that of a trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1992). An appellate court must determine only whether the trial court abused its discretion. *Merritt* at ¶ 22. An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary, or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 20} As previously noted, if an applicant's resources exceed the $2,000 "resource limit," the applicant is ineligible for medical assistance. Ohio Adm.Code 5160:1-6-04. "Resources" for Medicaid eligibility purposes is defined as

> cash, funds held within a financial institution, investments, personal property, and real property an individual and/or the individual's spouse has an ownership interest in, has the legal ability to access in order to convert to cash, and is not legally prohibited from using for support and maintenance.

Ohio Adm.Code 5160:1-3-05.1(B)(8); Ohio Adm.Code 5160:1-1-01(B)(82).

{¶ 21} In the first application, CCDJFS determined that Ralph and Virginia had $40,149 in total resources, consisting of the following:

- Life insurance policy xxxx4770, $4,610
- Life insurance policy xxxx3818, $3,805
- Life insurance policy xxxx2168, $11,024
- Bank account # xxxx2169, $387
- Bank statement for account # xxxx1598, $660
- Life insurance policy xxxx1314, $6,427
- Bank account # xxxx1330, $999
- Bank account # xxxx2810, $2,906
- Second car 2010 Ford Mustang, $9,331

CCDJFS then reduced the total resources of $40,149 by the CSRA of $25,728 and determined that Ralph had $14,421 in countable resources.

{¶ 22} In the second application, Eastgate failed to provide updated verifications for the life insurance policies and provided only two verifications for bank accounts. Nevertheless, the state hearing officer recalculated the total resources based upon the limited information provided. In so doing, the state hearing officer removed the value of

Ralph's vehicle (the Mustang) and the bank accounts listed as xxxx1598 and xxxx1330.[3]

- Life insurance policy xxxx4770, $4,610
- Life insurance policy xxxx3818, $3,805
- Life insurance policy xxxx2168, $11,024
- Bank account # xxxx2169, **$720**
- Bank statement for account # xxxx1598, **$0**
- Life insurance policy xxxx1314, $6,427
- Bank account # xxxx1330, **$0**
- Bank account # xxxx2810, **$3,157**

This amounts to $29,743, which is then reduced by the CSRA of $25,728 for a total of $4,015. The state hearing officer further reduced this figure by $1,566 leaving Ralph with countable resources of $2,449, again exceeding the resource limit.

**{¶ 23}** Appellant presents a strained argument on appeal. He insists, with little elaboration, that some of the resources were not available to Ralph at the time of the application. He does not specifically name which resources were unavailable to Ralph, only noting there were "several items, including vehicles, which [Ralph] no longer has ownership of, but which were counted as resources against him." He insists that "a full list of the resources counted against him was not provided" and therefore claims "it must be assumed" that Ralph did not own or have the power to liquidate, "said alleged resources."

**{¶ 24}** Appellant then argues that because this was a spousal application Virginia was permitted to retain a portion of their combined resources and that Eastgate was not provided with a copy of the CSRA until it was too late.[4] He argues CCDJFS has "refused to provide a CSRA to show how the resources were calculated."

---

3. The bold figures denote a change in value from the CCDJFS's calculation. Specifically, the state hearing officer updated bank accounts xxxx2810 and xxxx2169 with the new verifications then listed bank accounts xxxx1598 and xxxx1330 as having zero dollars.

4. Clearly, Virginia was entitled to a portion of her and Ralph's combined resources. That has never been in dispute.

**{¶ 25}** In his reply brief, appellant focuses on the procedural aspect of the case below, arguing "[t]his is a purely procedural issue, and Appellee failed to follow proper legal procedure as written." He then asserts "[t]his procedural issue must be correct before it can be the cause for a denial of benefits." He also adds that "a new CSRA must be calculated with each application." (Emphasis sic.)[5]

**{¶ 26}** Upon review of the record, we conclude that appellant's arguments are misguided. As addressed above, Ralph clearly exceeded the maximum resource limit of $2,000. While appellant claims the appropriate information relating to the CSRA was not timely provided, the record clearly shows what resources were considered in making the eligibility decision, yet even now, appellant fails to identify what resources were improperly considered in this case.

**{¶ 27}** We have considered the entirety of the evidence presented to us and determine there was no error in the proceedings below.[6] The trial court appropriately considered the evidence and record before it and determined that the agency's decision was supported by reliable, probative, and substantial evidence and was in accordance with the law. We have conducted our more limited review of that decision and find the trial court did not abuse its discretion. *Pons*, 66 Ohio St.3d at 621. In so doing, we find the trial court's decision was not unreasonable, arbitrary, or unconscionable.

**{¶ 28}** We have primarily discussed the denial of Ralph's application with regard to the determination that Ralph had excess resources. However, Ralph's application was

---

5. Appellant's argument relies on an assumption that the CSRA was not calculated. However, appellant fails to explain why the CSRA in this case should be anything other than the minimum resources standard, which is $25,728. Appellant also suggests that the denial of benefits was due to discrimination, which we reject entirely.

6. We also note, appellant raises an argument without elaboration that his "application was processed under MPAP * * * which was also improper." We find no such error. We also note that the denial of his request for MPAP benefits was not appealed.

also denied because of failure to provide verification of resources. Appellant has not appealed the denial of Ralph's application based upon the failure to verify resources and thus the denial of his application would be appropriate on that basis alone.[7] *Poindexter v. Ohio Dept. of Job & Family Servs.*, 5th Dist. Fairfield No. 2020 CA 00005, 2020-Ohio-4081, ¶ 14; Ohio Adm.Code 5160:1-2-08(B)(1)(b) (Medicaid: individual responsibilities); Ohio Adm.Code 5106:1-2-01(H)(5)(c) (If the individual fails to provide the requested verifications, the agency shall deny the application). Accordingly, we find appellant's first and second assignments of error to be without merit.

{¶ 29} Assignment of Error No. 3:

{¶ 30} THE TRIAL COURT ERRED WHEN IT FAILED TO FIND THAT MR. SCOTT REQUESTED ASSISTANCE BUT WAS NEVER GIVEN THE ASSISTANCE REQUESTED. ODJFS HAS THE ABILITY UNDER FEDERAL LAW TO OBTAIN THE INFORMATION.

{¶ 31} In his third assignment of error, appellant asserts that he requested assistance in verifying his resources but was never given the assistance requested. In pertinent part, Ohio Adm.Code 5160:1-2-01(F)(4) provides that "[u]pon request, the administrative agency shall provide assistance to individuals having difficulty gathering verifications."

{¶ 32} We agree with the decisions rendered below that appellant made no such request for assistance. Appellant argues it made one request in connection with the first application. However, the denial of that application was not appealed, and the alleged denial request is not relevant to this appeal. The second alleged request was contained in an email from Eastgate concerning the value of Ralph's life insurance policies in

---

7. While appellant's third assignment of error asserts CCDJFS did not honor his request for assistance, there is no claim that the denial of the application for failure to verify resources was error.

connection with the January 2021 application. In that email, Eastgate asked "[d]o you have updated life ins statements? Are you able to use previous statements since he did pass?"

{¶ 33} The email appellant refers to is merely a general inquiry into whether CCDJFS had updated life insurance statements and whether the previous statements could be used since Ralph had passed away. We find no merit to appellant's claim that it requested assistance in obtaining the relevant verification. *See Poindexter*, 2020-Ohio-4081 at ¶ 21 (concluding the applicant failed to request assistance from the agency in obtaining the requested information). Appellant's third assignment of error is overruled.

{¶ 34} Judgment affirmed.

S. POWELL, P.J., and M. POWELL, J., concur.